THE PROVIDENT LOAN TRUST COMPANY v. E. J.
MARKS.
No. 10929.

1. FORECLOSURE—*owner of paramount title failing to answer petition alleging his interest to be subsequent and subject to mortgage, is bound by judgment and sale.* In an action to foreclose a mortgage on land, all persons who have or claim an interest in the mortgaged property may be made parties; and where it is alleged in the petition to foreclose a mortgage that D. has or claims an interest in the property, but that such interest accrued subsequent to the mortgage and is subject to the lien thereof, and D. being served with process makes default, he is bound by a foreclosure and sale of the property although his title was paramount and superior to the plaintiff's mortgage.

2. JUDGMENT BY DEFAULT—*conclusive, as to defendant in subsequent action between parties or privies, that petition not answered was true.* The truth of the plaintiff's petition is admitted by the default of a defendant duly served, and he may not in a subsequent action, relating to the same subject-matter, between the same parties or their privies, assert the falsity of the matters so admitted.

3. ———— *in ejectment, not an adjudication of lien of mortgagee made a party thereto.* A judgment in an action for the recovery of the possession of real property, brought against a mortgagor in possession and a mortgagee holding a mortgage executed by him, rendered against the mortgagee by default, and against the mortgagor after a trial, for the recovery of the possession of the property, is not an adjudication as to the right of the mortgagee to a lien on the land under his mortgage. Having neither title to the land nor right of possession, he is not called on to defend an action in the nature of ejectment.

Error from the Court of Appeals, Northern Department.    Opinion filed March 5, 1898.  *Reversed.*

*James V. Humphrey,* for plaintiff in error.

*D. H. Brown,* for defendant in error.

ALLEN, J.    The essential facts on which the questions presented in this case arise are as follows : On the ninth of August, 1886, Caroline Matthews brought

an action in the District Court of Morris County to foreclose a mortgage executed by Daniel B. Jackson and wife on a quarter-section of land in that county. Burt S. Dolloff was made a party defendant. It was alleged in her petition "that defendants, Burt S. Dolloff . . . have or claim to have some interest in, or lien upon said premises, or part thereof, which interest or lien, if any such exists, has accrued subsequently and is subject to plaintiff's lien thereon under said mortgage."

Service by publication was duly made, and a judgment rendered for foreclosure of the mortgage and sale of the mortgaged property and barring each and all of the defendants of all right, title and interest in the mortgaged property. In pursuance of this judgment the property was duly advertised, sold, and deeded to Martin McCleery for the sum of $666, which was more than two-thirds the appraised value. The sheriff's deed was executed on the nineteenth of April, 1887. At the time of the execution of the mortgage under which this sale was made, Burt S. Dolloff in fact held the paramount title to the land. His title was prior and superior to that of Jackson, the mortgagor. He had no actual notice of the pendency of the suit. After the execution of the sheriff's deed to him, Martin McCleery and his wife executed to the Central Kansas Loan and Investment Company a mortgage, which the plaintiff in error sought to foreclose in this action. The mortgage was duly assigned to T. S. Blodgett, and by him assigned to the plaintiff. Neither of these assignments was ever recorded. In May, 1887, Burt S. Dolloff executed a quitclaim deed of the land to Isaac Hopper, who on the nineteenth of November, 1887, deeded it to Allen Gale. On the twelfth of December, 1887, Allen Gale brought an action against Martin McCleery and

the Central Kansas Loan and Investment Company, alleging that he was the owner and entitled to the immediate possession of the land in controversy and that the defendants unlawfully kept him out of the possession, and praying judgment for the recovery of the possession of the premises. McCleery answered, and contested the plaintiff's right of recovery. The Central Kansas Loan and Investment Company made default. The trial resulted in a judgment in favor of Gale, against both defendants, for the recovery of the possession of the land on the payment of a tax lien of $73.40.

The case now under consideration is an action brought by the Provident Loan Trust Company against Martin McCleery and wife, Allen Gale, and E. J. Marks, to foreclose the mortgage executed by McCleery and wife to the Central Kansas Loan and Investment Company, which the plaintiff held by assignment through Blodgett. The defendant Marks claimed in this action to have the title paramount, under a conveyance to him·by Gale. The case was tried without a jury, and the court made special findings showing the facts above stated and rendered judgment in favor of the defendant Marks. On proceedings in error this judgment was affirmed by the Court of Appeals. Afterward, on the petition of the plaintiff in error, the case was ordered to be certified to this court. Two questions are presented by the record : *First*, did the judgment in the action brought by Caroline Matthews against Jackson, Dolloff, and others, and the sale thereunder to McCleery, pass Dolloff's title to McCleery? *Secondly*, is the judgment in the action brought by Allen Gale against McCleery and the Central Kansas Loan and Investment Company a bar to plaintiff's claim of a lien on the mortgaged property?

In support of the view of the law taken by the lower

courts, it is contended that the object of a suit to
foreclose a mortgage is to secure a judicial sale of the
estate which the mortgagor held in the land at the
time of the execution of the mortgage; that all per-
sons acquiring interest subsequently through the
mortgagor are proper and necessary parties defend-
ant; that the holder of a prior paramount title is
neither a necessary nor a proper party, and that a
judgment of foreclosure by default in such a case does
not affect the paramount title.   It is also urged that
the averments in the petition of Caroline Matthews
were that the interests of Dolloff were subsequent and
inferior to her mortgage, when, in fact, they were su-
perior; and that the judgment rendered on this peti-
tion would have barred any subsequent interest that
Dolloff might have had, but did not bar his prior para-
mount title, which was not mentioned in her petition.
This view seems to have been adopted by the Court of
Appeals.   The reasoning, however, appears to us fal-
lacious.   The effect of a default is to admit the truth
of the averments of the petition.   Those under con-
sideration, with reference to Dolloff's title, were that
he had or claimed some interest in the premises, but
that his interest accrued subsequently and was subject
to the lien of the plaintiff's mortgage.   On his admis-
sion by his default that these averments were true, a
judgment was entered and a sale of the property made
to McCleery.   The contention in this case has been,
and now is, that the averments in the petition of
Caroline Matthews with reference to title were false.
Marks now denies that which by his default Dolloff
admitted.   The very object and purpose of judicial
proceedings is to determine the truth or falsity of the
allegations of fact, of the parties to controversies
in the courts, as well as their rights under the law
applicable to the facts as finally found.   When sum-
moned in an action, the defendant is called on to chal-

lenge the truth of any statement of fact which he denies, and the correctness of any claim of right under the law applicable to the facts alleged. If it should be held that a judgment by default is binding only when based on a truthful pleading, there would be very little advantage in making any appearance in actions relating to land unless some present right to the use of the property should be threatened; for nothing would be lost by the default, and the same defense could be made at any time thereafter. Although Dolloff held the full title to the land in controversy, by his default he admitted the superiority and validity of the mortgage which was foreclosed.

But it is said that the holder of the the title paramount is not a proper party to an action to foreclose a mortgage, and that for this reason the District Court had no jurisdiction over Dolloff. Many authorities from other States are united in support of this position. It is conceded by counsel for the plaintiff in error that not only in those states where the courts of law and equity are distinct, but also in most of the code States, this rule is recognized. In *Bradley v. Parkhurst*, 20 Kan. 462, it was held, Chief Justice Horton dissenting, that "the question of adverse and paramount title may be litigated in an action to foreclose a mortgage." And this rule was affirmed and applied in *Fisher v. Cowles*, 41 Kan. 418, and was recently recognized in *Park v. Busenbark*, ante, p. 65, 51 Pac. Rep. 907. In *Barton v. Anderson*, 104 Ind. 578, it was held:

1. Person having paramount title, failing to answer bound.

"In a suit to foreclose a mortgage a judgment by default against one who is made a party to answer as to any interest he may have in the mortgaged property, is conclusive as to any prior claim of interest or title adverse to the plaintiff."

Whatever the course of decisions may be in other states we are entirely satisfied with the rule estab-

lished in Kansas. The advantages accruing to litigants through a full determination in one action of all conflicting claims of title to the property which is the subject of litigation, are so numerous and so great and accord so thoroughly with the spirit of our laws that we should not hesitate to stand alone in upholding the interpretation heretofore placed on our code. Some of the courts seem to take the position that, although title paramount may not be litigated, the extent of the interest of the mortgagor at the time of the execution of the mortgage may be determined in the action to foreclose it. It is exceedingly difficult to trace any definite boundary between such an adjudication and a full determination of all adverse claims to the property. The practice of clearing up all clouds on the title and entering decrees binding on all claimants is so general and so advantageous that, in this very action, the fact that Marks, the defendant in error, in whose favor the lower courts have decided, claimed adversely to the plaintiff in error by title paramount in an action to foreclose the plaintiff's mortgage, seems to have been lost sight of. In this case Marks occupied precisely the same relation to the action that Dolloff did to the action brought by Caroline Matthews; yet the court rendered a judgment in favor of Marks, relieving the land from the burden of the plaintiff's mortgage, while denying the right of the plaintiff in the former action to make Dolloff a party defendant.

Was the judgment in the action brought by Allen Gale against McCleery and the Central Kansas Loan and Investment Company a bar to the enforcement of the plaintiff's mortgage in this action? It is conceded by counsel for the plaintiff in error that, owing to the fact that the assignments of the mortgage were not recorded,

3. Judgment by default not adjudication of lien of mortgagee.

the case stands precisely as though the plaintiff in this action had been made a defendant in that, and had suffered judgment to be entered against it by default. Did the judgment in that action determine any question as to the validity of the plaintiff's mortgage lien? The only relief asked in the petition was a judgment for the recovery of the possession of the property, and that was the only relief granted by the judgment rendered in the case. The plaintiff in this action does not now claim and never has had or claimed any right to the possession of the land. McCleery claimed both title and right of possession. He contested those rights with Allen Gale and was defeated. The judgment was binding on him. It was also binding on the plaintiff to the full extent of the matter adjudicated. It determined that the plaintiff in this action had no right to possession of the property. It might even be conceded for the purposes of this case that it determined that the plaintiff had no title to the land. None is claimed here.

The claim of the plaintiff is, first, that it is entitled to a money judgment against McCleery for the amount of the note secured by the mortgage. No question is raised as to its right to such a judgment. It claims further that it has a lien on the mortgaged land to secure the payment of the money due it from McCleery, and it seeks to enforce that lien in this action. Its right to do so was not barred in terms by the judgment rendered in favor of Gale, nor was there anything in the pleadings or judgment in that action which by inference or implication constitutes a bar. The plaintiff had no defense to Gale's action, and was not called on to litigate its right to a lien under its mortgage. The judgment, therefore, constitutes no bar to a foreclosure in this action. The judgment of the Court of Appeals and that of the District Court

are reversed, and the cause is remanded to the District Court with directions to enter a judgment in favor of the plaintiff, on the facts found, against the defendant Marks, for the foreclosure of the plaintiff's mortgage and a sale of the mortgaged premises.