### No. 19,969.

ANTON B. CHAPEK and FRANK J. HAKEL, *Appellants,* v. DAVID JURGENSEN et al. (R. J. TERWILLIGER et al., *Appellees*).

#### SYLLABUS BY THE COURT.

EJECTMENT—*Judgment for Possession—Mortgage Lien Not Affected.* The holder of a mortgage on real property, having neither title nor right of possession, and who is not a party to an action brought against the mortgagor to recover possession of the land, is not bound by a judgment rendered therein against the mortgagor. (*Loan Co. v. Marks,* 59 Kan. 230, 52 Pac. 449.)

Appeal from Stevens district court; GEORGE J. DOWNER, judge. Opinion filed February 10, 1917. Reversed.

*G. W. Sawyer,* and *H. A. Gaskill,* both of Liberal, for the appellants.

*F. S. Macy,* of Liberal, for the appellees.

The opinion of the court was delivered by

PORTER, J.: On February 2, 1914, the appellants brought an ordinary suit to foreclose a mortgage on a quarter-section of land executed in 1906 by David Jurgensen. The appellees were joined with him as defendants because they claimed some interest in the land. Their answer alleged that they purchased in good faith, relying upon a judgment rendered in the district court April 20, 1909, in an action in ejectment brought by F. G. Jones against David Jurgensen; that appellants' mortgage was of record when the judgment was rendered, and that appellants had due notice of the pendency of the ejectment proceedings. The answer asked for a decree establishing appellees' title as against the mortgagees.

The reply denied that appellees had any legal right or title to the real estate; admitting that on April 20, 1909, the district

Chapek v. Jurgensen.

court rendered a judgment against the mortgagor, Jurgensen, in an action for possession of the real estate, it alleged that appellants were not parties to that proceeding, and that their mortgage being of record their rights were not affected by the judgment. The reply then alleged that on July 16, 1910, Jurgensen, by proper proceedings, duly opened up the judgment, and the district court vacated it and set it aside; that afterwards, and on September 13, 1910, with the consent of the court, the plaintiff in that action dismissed the ejectment proceeding without prejudice. The reply denied that appellees purchased for a valuable consideration, relying upon the judgment.

The judgment in the ejectment action was rendered April 20, 1909. On May 3 of the same year, F. G. Jones, the plaintiff in that action, conveyed the land to C. M. Starr by a deed which was recorded. Seven days later Starr conveyed the land to C. M. Cole, and on March 6, 1911, the latter made a deed to R. J. Terwilliger, one of the appellees. Terwilliger was a witness and testified that he purchased the land relying upon the opinion of his attorney, who examined the abstract of title, that he had not investigated the record himself at that time, and that, while he would not say positively, he believed his attention had been called to the fact of the judgment, that he did not rely upon the judgment of the court, but upon the opinion and judgment of his attorney. In *Loan Co. v. Cable,* 65 Kan. 306, 68 Pac. 127, in which it was held that the vacation of a judgment after title had been quieted would not affect the right of an innocent purchaser, the attorney who had examined the abstract testified that he passed the title in reliance on the judgment. The trial court in the present case held that appellants' mortgage lien was extinguished by the judgment in the action in ejectment, and rendered a general judgment against appellants. There being some evidence to support a finding that appellees purchased in reliance upon the judgment, but one question remains to be determined, which is, whether the judgment affected the lien of appellants' mortgage.

Plainly the appellants, who were not parties to the ejectment action, are not bound by the judgment therein. They had no notice of the action, and did not participate in any way in the proceedings. To hold otherwise would be to deny their

·right to a day in court. The case is controlled by the decision in *Loan Co. v. Marks,* 59 Kan. 230, 52 Pac. 449, reversing the decision in 6 Kan. App. 34. In that case a judgment was obtained in an action of ejectment in which the mortgagor was a party, summons having been served upon him personally. The loan company, mortgagee, was also made a party and service was obtained against it by publication. Both defendants defaulted and judgment was taken against both. The opinion states:

"The only relief asked in the petition was a judgment for the recovery of the possession of the property, and that was the only relief granted by the judgment rendered in the case. The plaintiff in this action does not now claim and never has had or claimed any right to the possession of the land." (p. 236.)

The court held, too, that the judgment in ejectment was binding on the loan company "to the full extent of the matter adjudicated. It determined that the plaintiff in this action [of foreclosure] had no right to possession of the property. It might even be conceded for the purposes of this case that it determined that the plaintiff had no title to the land. None is claimed here." (p. 236.)

The syllabus reads:

"A judgment in an action for the recovery of the possession of real property, brought against a mortgagor in possession and a mortgagee holding a mortgage executed by him, rendered against the mortgagee by default, and against the mortgagor after a trial, for the recovery of the possession of the property, is not an adjudication as to the right of the mortgagee to a lien on the land under his mortgage⁣ Having neither title to the land nor right of possession, he is not ·called on to defend an action in the nature of ejectment." (Syl. ¶ 3.)

The petition in the case of *Jones v. Jurgensen,* wherein the judgment was rendered upon which appellees base their claim, was the short statutory form ⸳in ejectment. It alleged merely that the plaintiff therein was the owner of the land described, and entitled to the immediate possession thereof, and that the defendant unlawfully kept him out of the possession. It asked a judgment against Jurgensen for possession of the real estate, and the judgment awarded plaintiff that and nothing more.

Conceding, therefore, that the appellees were innocent purchasers for a valuable consideration in full reliance upon

the judgment, whatever title they took was always subject to the lien of appellants' mortgage, and it was error to hold otherwise.

The cause is remanded with direction to render judgment foreclosing the mortgage.