## SPENCE et al. v. YELL et al.

No. 27574. Sept. 14, 1937.

Stephen A. George, for plaintiffs in error.

Sigler & Jackson, for defendants in error.

PHELPS, J. James G. Yell brought suit in the district court of Carter county against J. A. Yell and Mary Yell for judgment on a promissory note and to foreclose a real estate mortgage given to secure the payment of the note. Judgment was had, special execution issued, and the real estate sold to James G. Yell. The sale was confirmed and a deed issued. Almost two years thereafter Lydia Alma Spence, one of the plaintiffs in error in this case, filed her special appearance and motion to quash and vacate the judgment and all proceedings had thereunder. This was overruled, and she filed her amended application, to which James G. Yell filed his response or answer. James G. Yell then filed a separate action in the same court alleging that he was the owner of the real estate in question, deraigned his title thereto, alleged that a number of parties, including Lydia Alma Spence, claimed some interest in the property and prayed that he be adjudged the owner of the lands and that his title be quieted. The two cases were consolidated and upon trial judgment was for James G. Yell, and the opposing parties appeal.

The original petition was filed on the 19th day of March, 1932, and the cause was styled John J. Yell v. J. A. Yell and Mary Yell.

On the 1st day of April, 1932, an amended petition was filed by James G. Yell in which he alleged that he was the owner of the note and mortgage sued on and that by mistake and oversight John J. Yell was named plaintiff instead of James G. Yell. He also alleged that since the execution of the note J. A. Yell had died and he prayed that the court make an order substituting his name as plaintiff and make certain other parties, including the surviving heirs and the executors of the estate, parties defendant. The court entered an order substituting the name of James G. Yell for John J. Yell, as plaintiff, and ordered the other parties brought into court. In his amended petition the plaintiff did not replead all the facts pleaded in the original petition, but alleged that:

"The note and mortgage sued on were executed as referred to in the original petition, to which reference is hereby made, and the part of said petition describing the execution of said note and mortgage are referred to, adopted and made a part of this amended petition, * * * and that the mortgage should be foreclosed in favor of James G. Yell, as prayed for in the original petition."

It appears that in the further proceedings the case was continued under its original style, in the name of John J. Yell as plaintiff, and plaintiffs in error now urge, as a ground for reversal, the fact that the cause was not prosecuted in the name of the parties in interest, and in support of this contention cite numerous authorities, including statutory provisions and decisions of this and other courts. There is no question about the soundness of the principles of law urged by plaintiffs in error, but are they applicable to the facts before us?

James G. Yell filed his amended petition. He advised the court therein that, through mistake and oversight, in styling the case another name had been used instead of his, that he was the owner and holder of the note and mortgage, and therefore the party in interest. The court so found and entered its order, directing that his name be substituted for John J. Yell.

In view of this record, can it be said that the fact that all the subsequent proceedings were carried on under the original title renders the proceedings void because not prosecuted in the name of the party in interest?

After the amended petition was filed, summons was issued and served, advising the defendants "that they have been sued

by James G. Yell in the district court." Affidavits for service by publication on some of the defendants recited that James G. Yell had filed the suit. Judgment was by default. The notice of sale recited that James G. Yell had obtained judgment against the defendant. James G. Yell made the motion to confirm the sale of the property, and the order confirming the sale of the property recited that James G. Yell had obtained the judgment.

Our attention has been called to no authorities reflecting an exact or even similar state of facts, but it occurred to us that to set aside the proceedings in the face of this record would be to place a premium upon a technicality rather than to administer justice.

Plaintiffs in error further contend that the proceedings in the original case are void upon the face of the judgment roll and, therefore, the proceedings in the subsequent case, based upon the original case, are void for the same reason. As a basis for this contention they call attention to the fact that the plaintiff filed his petition in the foreclosure action on March 19th, setting out the grounds upon which he relied for recovery, and that on April 1st he filed his amended petition, and in his amended petition he failed to state a cause of action therein and failed to adopt the original petition and, therefore, stated no cause of action. Counsel cite numerous authorities holding that when an amended petition is filed the amended petition supersedes the original petition and the allegations of the original petition are not carried forward into the amended petition unless specifically mentioned, referred to, or adopted. The authorities cited clearly reflect the law of this jurisdiction, and we have no quarrel therewith, but counsel for defendants in error contend that the amended petition made such reference to the original petition and adopted such petition thereof directly and by inference, that the court had jurisdiction, and since the court had jurisdiction to render the judgment, the judgment, being unappealed from, could not later be collaterally attacked. The amended petition says:

"The note and mortgage sued on were executed as referred to in the original petition to which reference is hereby made and the part of said petition describing the execution of said note and mortgage are referred to, adopted and made a part of this amended petition."

And in the prayer plaintiff prays for "foreclosure of his mortgage lien on the land described in the original petition herein."

The question here involved has many times been before this court, and with remarkable unanimity we have held that the judgment of a court of general jurisdiction cannot be collaterally attacked, unless the record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment. One of the leading cases so holding is Welch v. Focht, 67 Okla. 275, 171 P. 730 (see citations therein), also McDougal v. Rice, 79 Okla. 303, 193 P. 416, and Wagner v. Lucas, 79 Okla. 231, 193 P. 421.

Finding no substantial error in the record, the judgment of the district court is affirmed.

OSBORN, C. J., and WELCH, CORN, GIBSON, HURST, and DAVISON, JJ., concur. BAYLESS, V. C. J., and RILEY, J., absent.