## AMOSKEAG SAVINGS BANK v. EPPLER et al.

No. 27421.   March 29, 1938.

C. C. Hatchett, D. E. Hodges, and Edgar S. Vaught, Jr., for plaintiff in error.

Don Welch, for defendants in error.

PHELPS, J. This is an appeal by the Amoskeag Savings Bank from a judgment rendered April 28, 1936, vacating and modifying in part its previous judgment of October 2, 1928, and all proceedings thereunder, by striking from the judgment the part thereof which adjudged the plaintiff, Amoskeag Savings Bank, to have a mortgage lien upon the oil, gas, and mineral rights in the 80 acres of land described in the mortgage involved in the foreclosure suit. Herein, plaintiff in error will be referred to as plaintiff, and defendants in error as petitioners.

The facts are not in dispute and may be summarized as follows: In 1917 James A. Eppler by warranty deed conveyed the land involved to two of his sons, William C. Eppler and Omer L. Eppler, reserving all of the oil, gas, and mineral rights in the land. In 1919 the grantees in the foregoing conveyance, joined by their wives, executed a mortgage on the land for $1,200 to the Commerce Trust Company. The mortgage makes no reference to the mineral rights. Thereafter the mortgage and the note representing the debt thereby secured were assigned to plaintiff. On September 12, 1921, the mortgagors, joined by their wives, conveyed the land by warranty deed to their father, James A. Eppler, the former owner, who assumed and agreed to pay the mortgage debt. Thereafter, on December 16, 1921, James A. Eppler and wife conveyed to G. R. Hastings, by warranty deed, an undivided one-half interest in the real estate, making no mention of the mineral rights. The conveyance recited the existence of the mortgage, but the grantee did not assume payment of it.

Thereafter plaintiff filed its suit in cause No. 3309 in the district court to recover on the note and to foreclose the mortgage on the land. On October 2, 1928, default having been made by the defendants William C. Eppler, Omer L. Eppler, James A. Eppler, and Daisy Hastings, executrix of the estate of G. R. Hastings, deceased, the court rendered judgment on the note against the makers and against James A. Eppler, and entered judgment foreclosing the mortgage on the land and ordered sale thereof without appraisement. Pursuant to the decree the land was sold at public auction to the plaintiff, who went into possession under sheriff's deed and was in possession at the time of the institution of the present proceedings. On September 26, 1935, W. C. Eppler and O. L. Eppler, two of the original defendants in the foreclosure case, joined by other heirs of James A. Eppler, deceased, and Daisy Hastings, who as executrix of the estate of G. R. Hastings, deceased, was made one of the original defendants in the foreclosure case, filed their petition and motion in cause No. 3309 to vacate and modify a part of the judgment entered in the foreclosure action. The effect of the pleading was to challenge the jurisdiction of the court to enter a judgment foreclosing the mineral rights in the land on the theory that plaintiff acquired no right or interest in the minerals under its mortgage for the reason that such mineral rights were specifically reserved in the grantor in the deed from James A. Eppler to William C. Eppler and Omer L. Eppler, which deed was of record at the time of the execution of plaintiff's mortgage. Its demurrer to the petition to vacate being overruled, plaintiff answered, denying generally the allegations contained in the petition and motion to vacate, and specifically denied allegations of fraud in the procurement of the judgment; affirmatively pleaded estoppel and alleged that petitioners are barred by the statute of limitations; also alleged open and notorious possession of the lands for a number of years; asserted the validity of the judgment, and further pleaded that the petitioners have been guilty of laches by their long acquiescence.

On the hearing the court modified and vacated that part of the judgment in the foreclosure suit which divested the defendants of title to the mineral rights in the land. From the judgment and order overruling motion for new trial, plaintiff appeals, presenting its several assignments of error under the general proposition that the judgment of the court entered on April 28, 1936, vacating and modifying in part its previous judgment of October 2, 1928, is not supported by law and is contrary to the evidence.

In their brief counsel for petitioners make this statement:

"We have reached the conclusion that our right to proceed against this judgment on the nonjurisdictional grounds is barred by the statutes of limitations, and we therefore abandon our nonjurisdictional attacks on the decree in the foreclosure suit and confine ourselves to the jurisdictional question.

"In other words, if, as we contend, that portion of the judgment in the foreclosure suit and the subsequent proceedings therein, which attempt to adjudge the oil, gas and mineral rights to be subject to the mortgage upon such mineral rights is entirely void and beyond the jurisdiction of the court in that foreclosure suit, we are entitled to recover, in which event the judgment of the trial court should be affirmed.

"If, on the other hand, this court should determine that the trial court in the foreclosure suit did have jurisdiction to adjudge the mineral rights to be subject to the lien of the mortgage, and did have jurisdiction to foreclose the mortgage on the mineral rights, then we frankly admit that no matter how many other defects or errors there might be in the proceedings in the foreclosure suit, we could not complain of them because we would be barred by the statutes of limitations in the foreclosure suit. We would be barred by the statute of limitations from complaining of them, and in that event the judgment of the trial court should be reversed by this court."

Conforming to the foregoing statement, no question of the sufficiency of the petition or process on the defendants in the foreclosure action is presented or discussed by petitioners.

Petitioners' contention is based on the proposition of adverse ownership; that the deed from William C. Eppler and Omer L. Eppler to James A. Eppler, the former owner, and the assumption of the mortgage by him, did not constitute a merger of the title of the surface land with the title to the mineral rights with full title in James A. Eppler subject to the mortgage lien. That in this situation James A. Eppler was not a necessary or proper party defendant in the foreclosure case. The authorities, under the facts presented, are not in harmony, and an attempt to reconcile them is futile. The authorities supporting petitioners' contention are bottomed, largely, on the theory that:

"A court of equity is not an appropriate tribunal nor is a foreclosure suit a suitable proceeding, for the trial of claims to the legal title which are hostile and paramount to the interests and rights and titles of both mortgagor and mortgagee." Upjohn v. Moore (Wyo.) 16 P.2d 40, 41, 85 A. L. R. 1066.

Conversely, the authorities holding to the opposite view are fashioned, mainly, upon the Code provisions appearing in the laws of a number of the states. The latter view is sanctioned in Pomeroy on Eq. Jur., paragraph 116. Therein it is stated that under the reformed American procedure, where carried out in its true spirit, actions at law and suits in equity have been amalgamated except that in some instances the action is triable to a jury and in others not.

In harmony with this view, the Supreme Court of Indiana in Masters v. Templeton, 92 Ind. 447, used this language:

"Our Code provides that 'Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved.' This is a very comprehensive provision, and was meant to confer authority to settle in one suit all conflicting claims to property involved in the litigation. The rule is a wise and salutary one, for it enables the court to fully adjust all equities, to determine and protect all rights, and to put an end to litigation concerning the subject-matter of the suit by one decree. Multiplicity of actions is thus prevented, full force and effect secured to judicial decrees, and judicial sales made operative and effective. It has long been the law of this state that conflicting claims of title may be settled, and questions of priority determined, in foreclosure suits, whenever the proper issues are tendered. * * * Prior to the adoption of the Code system there was some reason for holding that the question of title could not be adjudicated in a foreclosure proceeding; for questions of title were triable only by courts of law, while the question of a right to a foreclosure was cognizable only by courts of chancery, and there was thus a conflict of jurisdiction whenever a legal title was asserted. This cannot happen under the Code, where both law and equity jurisdiction are vested in one tribunal, where provision is made for bringing into court all parties interested, either in the property or the controversy, and where ample authority is conferred to determine all rights and adjust all equities in one suit."

Referring to the question as to who may or may not be made parties defendant in a suit in equity, Lord Cottenham, in an early case, said:

"To lay down any rule applicable universally or to say what constitutes multifariousness, as an abstract proposition, is, upon the authorities, utterly impossible." Note, 15 Am. Dec. 427, 428.

In Gaines v. Chew, 2 How. 619, 642, 11

L. Ed. 402, the Supreme Court of the United States said:

"Every case must be governed by its own circumstances, and as these are as diversified as the names of the parties, the court must exercise a sound discretion on the subject."

In this state the distinction between actions at law and suits in equity. and forms of all such actions and suits, are abolished. Section 4, O. S. 1931. Likewise, statutory provisions shall be liberally construed to promote their object. Section 2, O. S. 1931. Persons who may be joined as necessary or proper parties defendant are mentioned in section 152, O. S. 1931, as follows:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

There is a class whose interests in the subject matter of the suit. and the relief sought, are so bound up with that of the other parties that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed. In this class, such persons are necessary and indispensable parties. Statutes relating to defendants in varying terms require the parties interested to be made defendants and that anyone may be made a defendant who is a necessary party to a complete determination or settlement of the question involved. (20 R. C. L. 681.) See cases cited in Upjohn v. Moore (Wyo.) 16 P.2d 40, 85 A. L. R. 1067.

In its suit on the note and to foreclose its mortgage, the plaintiff, in its petition, referred to the written reservation of oil, gas, and mineral rights in the deed from James A. Eppler to William C. Eppler and Omer L. Eppler and the conveyance of the land back to James A. Eppler and his assumption of payment of the note and mortgage. Referring to the latter deed, the plaintiff alleged:

"* * * That the effect of said deed was to merge the title to the surface of said lands with the title to the mineral rights so that upon the execution and delivery of said deed. the defendant, James A. Eppler, became possessed of and owned the fee-simple title to said property, subject to the plaintiff's mortgage thereon, which by reason of the assumption clause in said deed became a lien upon the full title to said land."

The judgment entered in the foreclosure proceedings conformed to the foregoing allegation in plaintiff's petition.

Statutory proceedings for vacating judgments are in the nature of independent actions, and may be instituted either in the actions where judgment was rendered or by separate action. Grayson v. Stith, 181 Okla. 131, 72 P.2d 820. In Staples v. Jenkins, 178 Okla. 186, 62 P.2d 504, in the syllabus by the court, we held:

"A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action, and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court, or in any other court of concurrent jurisdiction upon the same or a different cause of action.

"A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject-matter, not only as to all matters actually litigated and determined in the former action. but as to all matters germane to issues. which could or might have been litigated and determined therein."

In Stephenson v. Clement, 171 Okla. 333, 43 P.2d 430, we said:

"A mortgage or lien foreclosure is an equitable action and involves in the final analysis: (1) The adjudication of plaintiff's claim and the establishment of his lien; (2) the adjudication of all liens and determination of their validity and priority and the adjudication of all claims. titles, or interests in the property involved; (3) the extinguishment of all equities of redemption of all parties who may have an equity of redemption; (4) so that a valid and effectual sale of the property may be had. that is. so that the title may be in such condition that a sale may be had where a purchaser may purchase without the necessity of any further litigation. All parties whose claim or interest may be affected by the sale or which claim or interest may effect the sale are proper parties in a mortgage or lien foreclosure action."

In this foreclosure case all parties defendant knew, or by the exercise of reasonable diligence could have known, of the claims of the plaintiff. Under the allegation of the petition and proper service on the defendants, the court had jurisdiction in the foreclosure action to adjudicate all claims, titles, and interests in the property involved. See syllabus. Spence v. Yell, 18 Okla. 475, 71 P.2d 701.

In Littlefield v. Brown, 68 Okla. 144, 172 P. 643, wherein the question of proper process was involved, in sustaining the action

of the trial court in overruling a motion to vacate a judgment in a foreclosure action, in the body of the opinion appears this language:

"Plaintiff in error made no effort to determine why he was made a party to the action brought by Brown to foreclose his mortgage on the property involved; neither did he attempt to assert any lien or claim which he might have had upon the property. Had he made the slightest investigation, he would have discovered that plaintiff was attempting to foreclose a mortgage upon property upon which, he alleges, he holds a mortgage, and he would have been given an opportunity to assert any claim he might have had on the property. But instead he preferred not to do so, and, after judgment had been entered against him by default, he filed his motion to vacate for certain reasons heretofore stated. The judgment rendered on the cross-petitions were not void for failure to serve plaintiff in error with notice of the filing of said cross-petitions by his codefendants, and the court did not err in so holding."

In the syllabus in Davison et ux. v. Mutual Savings & Loan Ass'n, 181 Okla. 295, 73 P.2d 455, we held:

"A regular judgment while it remains in force is conclusive not only as to matters litigated, but as to every ground of defense which might have been determined."

Assuming that the judgment was erroneous as to that part which holds that there was a merger of the mineral interests with the other interests in the land, such erroneous finding or judgment did not justify a vacation of the judgment; the judgment being no less conclusive because based upon a mistake of law. Savoy Oil Co. v. Emery, 137 Okla. 67, 277 P. 1029; Johnson v. Ray, 101 Okla. 160, 222 P. 667; Reed v. Allen, 286 U. S. 191, 76 L. Ed. 1054; National Surety Co. v. Hanson Builders Supply Co., 64 Okla. 59, 165 P. 1136. In the body of the opinion in the latter case we said:

"The law points out the manner by which errors of law may be corrected. A wrong determination of the issues based upon a mistake of law, after final judgment has been rendered, can only be remedied and corrected on appeal; otherwise there would be no end to litigation.

"A mistake of law on the part of the trial court affords no ground for the vacation of a judgment in the manner here attempted." See, also, Kaylor v. Kaylor, 172 Okla. 535, 45 P.2d 743.

From the record presented, we conclude that the judgment was not void, and petitioners not having filed their petitions to vacate for more than five years from date of the judgment, they are barred by limitations. Savoy Oil Co. v. Emery, supra; First Nat. Bank v. Darrough, 162 Okla. 243, 19 P.2d 551.

The judgment is accordingly reversed, with directions to the trial court to proceed further in harmony with the views expressed herein.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, GIBSON, and HURST, JJ., concur. CORN, J., dissents. WELCH, J., absent.