## CIESLER v. SIMPSON.

No. 27567.   July 16, 1940.

Rehearing Denied Sept. 10, 1940.

*105 P. 2d 227.*

Reuel W. Little, of Madill, for plaintiff in error.

Don Welch, of Madill, for defendant in error.

HURST, J. This is an action collaterally attacking a mortgage foreclosure judgment and a sale of land thereunder. The case arose under the following circumstances: On September 15, 1922, Mandy Ned, owner of the land, joined by her husband, conveyed an undivided interest in the mineral rights therein to A. H. Nichols. The deed was duly filed for record in the county clerk's office on September 21, 1922. On September 22, 1922, Nichols conveyed his interest to the plaintiff, John L. Simpson, whose deed was duly filed for record on September 23, 1922. Thereafter on September 25, 1922, Mandy Ned executed a real estate mortgage covering said land to the Conservative Loan & Trust Company. This mortgage, which purported to cover the entire title and did not except the interest in the mineral rights previously conveyed to Nichols, was later assigned to one Charles D. Grahn. Thereafter Grahn filed an action to foreclose the mortgage making John L. Simpson a party defendant and alleging that Simpson's interest "is junior, inferior and subject to the rights of this plaintiff," and praying for "judgment and decree that from and after the sale of the land and tenements and confirmation thereof by this court the defendants * * * John L. Simpson * * * be forever barred and perpetually enjoined from asserting, setting up or claiming any right, title, interest, estate or equity of redemption of, in or to said premises or any part thereof." Simpson being a nonresident of the state, and summons directed to him being returned unserved, he was duly served by publication. On December 15, 1927, a decree of foreclosure was entered, Simpson making default. The court made a finding "that all the material allegations in plaintiff's petition are true" and that plaintiff's lien is "superior and senior to all liens, claims, estate and demands held or asserted by * * * John L. Simpson * * *" and adjudged "that from and after the sale of said lands, under and by virtue of this judgment and decree, the said defendants * * * John L. Simpson * * * be and they are forever barred and foreclosed of, to and from any lien upon, right, title, interest, estate or equity of, in and to said lands and tenements or any part thereof." Pursuant to the decree the property was sold at the foreclosure sale to Charles D. Grahn and F. S. Stroheker, the sale was confirmed, and sheriff's deed was issued on July 31, 1928, and duly recorded on August 9, 1928. Subsequently the defendant, W. C. Ciesler, acquired the

property from the purchasers at the foreclosure sale, and it is agreed that he is an innocent purchaser. Thereafter, on August 17, 1936, this action was filed by Simpson. He claimed a superior title to that of Ciesler, and sought to quiet his title as against Ciesler. From a judgment in favor of Simpson, Ciesler appeals.

He makes three contentions: (1) That the plaintiff's action constitutes an unauthorized collateral attack upon the foreclosure judgment and sale; (2) that plaintiff's action is barred by the statute of limitations; and (3) that he, Ciesler, is a bona fide purchaser. Under the view we take of the case it is not necessary to discuss the last two contentions, as we believe the answer to the first proposition is decisive of the case against the plaintiff.

On the question as to whether plaintiff's action constitutes a collateral attack upon the foreclosure judgment that cannot be maintained, the parties have submitted well prepared briefs which largely go to the question as to whether, in a mortgage foreclosure case, an adverse and paramount title may be litigated. It is not seriously contended that the allegations and prayer of the petition in the foreclosure case were insufficient to present this issue. They were clearly sufficient to challenge a judicial inquiry and to invoke the jurisdiction of the court on the priority of rights, and that is all the law requires the petition to contain to shield the judgment based upon such a petition from collateral attack. See Welch v. Focht, 67 Okla. 275, 171 P. 730, L. R. A. 1918D, 1163; Wagner v. Lucas, 79 Okla. 231, 193 P. 421; McDougal v. Rice, 79 Okla. 303, 193 P. 415; Lindeberg v. Messman, 95 Okla. 64, 218 P. 844; Abraham v. Homer, 102 Okla. 12, 226 P. 45; Fowler v. Marguret Pillsbury General Hospital, 102 Okla. 203, 229 P. 442; Foster v. Focht, 102 Okla. 261, 229 P. 444; Howard v. Duncan, 163 Okla. 142, 21 P. 2d 489; Goldsmith v. Owens, 180 Okla. 268, 68 P. 2d 849; 34 C. J. 560; 15 R. C. L. 864; Freeman on Judgments, vol. 1, sec. 365; Black on Law of Judgments, sec. 269; L. R. A. 1916E, 316, case note.

Since the court had jurisdiction of the subject of the action and of the person, and the petition was sufficient to invoke a judicial inquiry on the question as to the priority of interests, the crucial question remaining is whether the court had jurisdiction to render the particular judgment litigating an adverse paramount title in a mortgage foreclosure case. We are of the opinion that this question must be answered in the affirmative on the authority of Amoskeag Savings Bank v. Eppler, 182 Okla. 391, 77 P. 2d 1158, decided since this cause was briefed and argued. See, in addition to the authorities therein cited, Bradley v. Parkhurst, 20 Kan. 462, and Provident Loan Trust Co. v. Marks, 59 Kan. 230, 52 P. 449, both construing the Kansas Code. When we adopted the Kansas Code we are presumed to have adopted such construction. 26 R. C. L. 1069; 59 C. J. 1065; Hixon v. Hubbell, 4 Okla. 224, 44 P. 222; Given v. Owen, 73 Okla. 146, 175 P. 345; Harness v. Myers, 143 Okla. 147, 288 P. 285. We realize that the majority view is to the contrary (See Jones on Mortgages, 7th Ed., sec. 1445; 19 R. C. L. 544; 85 A. L. R. 1073; Wiltse on Mortgage Foreclosures, 4th Ed., sec. 157) but are of the opinion that the view we have adopted is the better rule, and is more in harmony with our Code. See sections 4, 152, and 199, O. S. 1931, 12 O. S. A. §§ 10, 231, 265.

Section 189, O. S. 1931, 12 O. S. A. § 176, gives a defendant constructively served, against whom a default judgment has been rendered, a remedy which the Legislature deems adequate. The hardship imposed upon one who neglects to take advantage of this remedy is one he must bear in the interest of preserving the stability and finality of judgments, and it follows that the collateral attack upon the foreclosure judgment in the instant case cannot be justified.

Reversed, with directions to enter judgment for the defendant.

BAYLESS, C. J., and OSBORN, DAVISON, and DANNER, JJ., concur. RILEY and GIBSON, JJ., dissent. WELCH, V. C. J., and CORN, J., absent.