STATE ex rel. COM'RS OF LAND OFFICE v. REYNOLDS et al.

No. 32726. April 5, 1949.
Rehearing Denied May 24, 1949.

*206 P. 2d 184.*

Everett H. Welborn, Lonnie Corn, Richard A. Jackson, and Floyd Wheeler, all of Oklahoma City, for plaintiff in error.

Welch & Welch, of Madill, for defendants in error.

PER CURIAM. Essential facts are stated as follows: During 1927 and subsequent years the land involved was owned in fee by defendants Reynolds and wife. On July 27, 1927, they conveyed to the defendant Neff by mineral grant an undivided half interest in the oil, gas and mineral rights therein. That conveyance was duly recorded in the county clerk's office on July 29, 1927.

Thereafter Neff conveyed a portion of this interest to defendant Sykes and a portion to defendant Beard and the interests which are involved in this controversy were owned of record by defendants Sykes and Beard at the time of the commencement of this foreclosure action.

On March 3, 1928, Reynolds and wife mortgaged the real estate to the Commissioners of the Land Office as security for a loan. Defendants Sykes and Beard were not parties to the mortgage and neither they nor their grantees thereafter did any act which would result in a subordination of their interest to the mortgage. The mineral grant was duly of record when plaintiff's mortgage was taken.

With commendable frankness counsel for plaintiff concede both in their briefs and in the oral argument that as to this outstanding interest in the mineral rights, plaintiff did not in fact acquire a lien on it by their mortgage. No reason has ever been given for making them parties and intentionally seeking to foreclose them of their admittedly superior interest.

On January 28, 1933, the defendants Reynolds being in default, the Commissioners of the Land Office commenced suit in the district court of Marshall county to foreclose this mortgage. In addition to Reynolds and wife, the plaintiff named as parties defendant all persons who had acquired interests from Reynolds and wife subsequent to the mortgage, and also by inadvertence or otherwise joined as defendant these parties Sykes and Beard, who as aforesaid had acquired their interest and shown it of record long prior to the execution of plaintiff's mortgage.

There was no specific allegation as against defendants Sykes and Beard and no suggestion of any reason why this prior acquired interest of Sykes and Beard would be subject to the lien of plaintiff's mortgage and no specific claim that such interests were so subject to plaintiff's mortgage. There was the general allegation, clearly applicable to all defendants who had acquired

interest from Reynolds subsequent to the mortgage, that such interests were "junior and inferior to the right, title and lien of this plaintiff," and by general listing of the names of Sykes and Beard along with all the defendants, the above-quoted statement of inferiority of title was purportedly made to apply to these two defendants. While that could hardly have been the deliberate intention of the members of this agency of the state, the literal effect was either to include the names of Sykes and Beard in that class of defendants by mere inadvertence, or to allege generally that the interests of Sykes and Beard were junior and inferior to the rights of plaintiff, which has never been actually contended or claimed or asserted.

At any rate, upon that state of the allegations of plaintiff's petition, constructive service was had upon the defendant Sykes with affidavit of nonmailing, though this defendant was at the time a resident of an adjoining county, a prominent citizen, and at the time a state official, being a member and chairman of the State Fish and Game Commission. And there was purported personal service on the defendant Beard, though in further proceedings proof was offered that such service was not in fact made as will be discussed further.

Neither Sykes nor Beard appeared in the action, both claiming no notice thereof, and in fact no defendant appeared to resist plaintiff's foreclosure action in any manner.

In taking default judgment the plaintiff not only took judgment against the defendants Reynolds and wife, but also against all defendants who had acquired interests from Reynolds and wife since the execution of plaintiff's mortgage, and by naming defendants Sykes and Beard with the other defendants, the purport of the journal entry was also to treat them as holders and owners of interests, as junior and inferior to plaintiff's mortgage, and the result therefore was to foreclose, or decree

foreclosure of, admittedly prior interests of these defendants.

At subsequent foreclosure sale, the plaintiff purchased the land so that upon the face of the matter, since this judgment contained the usual provision that after foreclosure sale the interests of all defendants would be barred, it appeared that the ultimate result was that the admittedly prior interests of these defendants had been foreclosed in the above manner for the benefit of this plaintiff, or, at any rate, the present attorneys for the School Land Commission deem it their duty to so contend in behalf of this agency of the state.

When these defendants discovered such purported foreclosure of their interests, which were at all times prior to plaintiff's mortgage, they sought adjustment of their rights, or such correction as would permit their interests to remain superior to plaintiff's mortgage and plaintiff's interest. But perhaps upon thought of lack of authority, either in the plaintiff or its attorneys, no such adjustment was made or could be made, and these defendants sought by their present motion to vacate this foreclosure as to them and as to their superior interests above set out.

Upon trial of this motion to vacate, the court considered two contentions as to ground to vacate: (1) that the defendants Beard and Sykes had never been served with process and thus brought within the jurisdiction of the court, and (2) that the court was without jurisdiction to render the judgment which was rendered, foreclosing the mortgage as to this outstanding adverse and paramount title.

There was evidence offered sufficient to justify a finding of the trial court that Beard was never served with process. She so testified herself and there was corroboration of her testimony from the face of the judgment roll. The same is true as to defendant Sykes. The trial court made general findings in favor of the defendants and rendered

judgment in their favor vacating and setting aside the judgment, the order confirming sale, and the deed, as to them, and permitting them to answer. On the same day they did answer, and from the order vacating the judgment and the aforesaid proceedings subsequent to the judgment, the plaintiff prosecutes this appeal.

It is urged by plaintiff that the defendants' rights are barred by the five year statute of limitations, 12 O.S. 1941 §93, subd. 1, and by the three year statute of limitations, 12 O.S. 1941 §176. It further urges that the district court in a foreclosure action has complete jurisdiction to litigate the validity of an outstanding adverse and paramount title, and jurisdiction to foreclose such title; and contends further that the judgment rendered against these defendants was an adjudication barring them from asserting the rights contended for in this motion to vacate. We need not consider the contentions last stated for, of course, if the judgment was properly vacated, it is no bar, while, on the other hand, if the motion to vacate was erroneously sustained, plaintiff does not need to rely on any contention that the judgment barred the assertion of these rights, as the judgment would then stand as a permanent adjudication.

Defendants contend that the controlling statute is 12 O.S. 1941 §1038, which provides in part that "a void judgment may be vacated at any time on motion of party or any person affected thereby."

In determining the question whether this court in this foreclosure action had jurisdiction to render the judgment rendered as to this outstanding adverse and paramount title, we are aided by reference to various authorities. In the case of Ciesler v. Simpson, 187 Okla. 641, 105 P. 2d 227, upon consideration of a collateral attack upon a judgment, this court held that the district court was not wholly without power or jurisdiction to render a similar judgment. In that opinion it was

conceded that the conclusion reached was contrary to the rule of the majority of the states, but it was stated that we were there following the rule of a former decision, Amoskeag Savings Bank v. Eppler, 182 Okla. 391, 77 P. 2d 1158. No mention was made of the former case on the subject in this court, De Watteville v. Sims, 44 Okla. 708, 146 P. 224.

It is possible to reach one of three different conclusions on this point, from a study of the cited cases and the text authorities. One rule is that in all such cases such jurisdiction is wholly lacking; another is, that in all cases such jurisdiction fully exists; and the other is that a plaintiff in such action may, by allegation of specific facts, bring such outstanding interests within the jurisdiction of the court, and upon proper and specific allegations of facts which would justify adjudication that such outstanding interests are inferior and subject to the lien being foreclosed, the court may adjudge such inferiority, but that in the absence of such a pleading such a judgment as to such paramount interest is without the issues in the case and the court in its equitable power may correct such injustice so long as the entire matter may be adjusted between plaintiff and defendant without affecting any intervening interest, claim or equity of a third person.

We believe the middle course, that is, the last mentioned rule, is sound. This court so held in De Watteville v. Sims, supra. In that case in paragraphs one and two of the syllabus it was held:

"In the absence of exceptional facts which the plaintiff should allege, the only proper parties defendant in a suit to foreclose a mortgage are the mortgagor and those who have an inferior interest in the mortgaged property acquired from him subsequent to the execution of the mortgage.

"A petition which alleges that certain defendants in a suit to foreclose a mortgage are parties who have acquired by various conveyances, and

who are asserting ownership of some subsequent, subjective, and inferior interest in the mortgaged property, the exact nature of which is to the plaintiff unknown, without demanding a disclosure of such interest or stating any other ground for including such defendants in the action, will be construed, as against the petitioners, as alleging that such interest is a species of title extending to all the property and derived from the mortgagor since the execution of the mortgage."

And in the body of the opinion it was said:

"In the absence of exceptional facts —such as invalidity or loss of the superior position of a senior lien, a cause and purpose to adjudicate the rank of senior claims or to liquidate them from the proceeds of the foreclosure sale, or a cause and purpose to litigate adverse and paramount title, as in an action to quiet title under section 4491, St. 1893 (section 4927, Rev. Laws 1910), or of ejectment under section 4492, Stats. 1893 (section 4928, Rev. Laws 1910), in respect to which see Bradley v. Parkhurst, 20 Kan. 462; Nooner v. Short, 20 Kan. 624; Fisher v. Cowles, 41 Kan. 418, 21 P. 228; Provident Loan & Trust Co. v. Marks, 59 Kan. 230, 52 P. 449, 68 Am. St. Rep. 349—which the plaintiff should allege, the only proper parties defendant in a suit to foreclose a mortgage are the mortgagor and those who have an inferior interest in the mortgaged property, as when acquired from him subsequently to the mortgage (2 Jones on Mortgages, 6th Ed., 1440; 1 Wiltsie on Mortgage Foreclosure, sec. 482; 27 Cyc. 1576-1578; and 68 Am. St. Rep. 349, editorial note to Provident Loan & Trust Co. v. Marks, supra); and the petition in the present case (which alleges that said resisting defendants are parties who have acquired by various conveyances, and who are asserting ownership of some subsequent, subjective, and inferior interest in the mortgaged property, 'the exact nature of which is to this plaintiff unknown,' without demanding a disclosure of such interests) will be construed, as against the plaintiff, who was under the burden of showing the grounds upon which he might properly make these resisting defendants parties, as alleging that such interest is a species of title extending to all the property and derived from the mortgagor since the execution of the mortgage."

The decision of this court in Amoskeag Savings Bank v. Eppler, supra, was wholly in keeping with our present conclusion as to the better of the three rules aforesaid. In the Amoskeag case there was an outstanding and superior interest to the mortgage. But the mortgagee contended and specifically alleged that such outstanding interest, by virtue of circumstances arising after execution of the mortgage, became subject to the lien of the mortgage. The mortgagee plaintiff specifically alleged such circumstances as exceptional facts and asked that the court adjudge that interest to be subject to the mortgage lien on account of such special circumstances, thereby specifically tendering the issues of fact and law which were later adjudicated.

Thus this case is authority for our present conclusion as to the true rule to adopt, but that decision was not authority for the broad proposition announced in Ciesler v. Simpson, supra, and should not have been cited as fully supporting the decision there made.

In the present case there are no allegations of exceptional facts, no specific allegations made as to this outstanding and superior title or interest, and in fact no direct reference made to such outstanding interest in any manner. There was only broad general language as we have heretofore noted. Thus, in this case the plaintiff tendered no issue of fact or law as to such outstanding interest, and stated no facts or contentions upon which the court could adjudge the inferiority of the outstanding claim and interest, which upon the record was a paramount title.

It has been often held that adjudications made outside the issues of the case are void for lack of jurisdiction to render the particular judgment.

Upon this point we think the true rule must be that in such a case, the plaintiff, by proper allegation, may bring outstanding interests in land within the jurisdiction of the court in a foreclosure action, but that in order to do so the plaintiff must specifically plead his contention that for stated reasons, and based upon specific allegations, such interest is and should be decreed to be subject to the mortgage. This rule will accomplish the purpose stated in these former cases to be served by permitting all such matters to be adjudicated in one action and to be set at rest before foreclosure sale. And further, this rule will safeguard the rights of citizens who own an interest in real estate properly of record and long prior to record mortgages and who would not expect a mortgagee, and especially this agency of the sovereign state, to seek foreclosure against their paramount interest, unless in exceptional cases where unusual circumstances would give rise to such a claim, and who under any other rule would not be apprised by the plaintiff's petition of any claim that the mortgage lien applies to and covers a paramount interest in the mortgaged land.

It is therefore our duty to disapprove the language of Ciesler v. Simpson, supra, insofar as it conflicts with the views herein expressed, and to return to the doctrine approved in the two former decisions, De Watteville v. Sims, and Amoskeag Savings Bank v. Eppler, supra.

The statutes of limitation relied on by plaintiff are not applicable here. They apply only to independent actions for recovery of real property as is demonstrated by the following authorities: Barker v. Campbell-Ratcliff Land Co., 64 Okla. 249, 167 P. 468; Burns v. Bastien et al., 174 Okla. 40, 50 P. 2d 377; Catron v. Deep Fork Drainage Dist. No. 1, 35 Okla. 447, 130 P. 263; Stocklassa et al. v. Kinnamon, 132 Okla. 139, 269 P. 1080; Lowenstein v. Sexton, 18 Okla. 322, 90 P. 410; Board of Com'rs of Oklahoma County et al. v. Young, 186 Okla. 182, 97 P. 2d 6; Chiles v. DeLana et al., 187 Okla. 415, 103 P. 2d 63.

The conclusion here reached makes it unnecessary to decide the other questions presented.

The judgment and action of the court appealed from is affirmed.

DAVISON, C.J., ARNOLD, V.C.J., and WELCH, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur. CORN, J., concurs in result.

No. 33284. April 26, 1949.
Rehearing Denied May 24, 1949.