Henry GESELL and Jessie C. Gesell, same as Jessie Gesell, husband and wife, and Shell Oil Company, a corporation, Plaintiffs in Error,

v.

Cleo Christine MARTIN, Lester Pebley, R. R. Pebley, W. T. Pebley, Harold Gene Pebley, Martha Ruth Crosby and Winnie Crosby, Defendants in Error.

No. 42430.

Court of Appeals of Oklahoma
Division No. 90.

Dec. 23, 1969.

Ivester, Ivester & Ivester, Sayre, for plaintiffs in error.

Euen D. Ellis, Erick, for defendants in error.

BERRY, Presiding Judge.

Plaintiffs in error, defendants in the trial court, have appealed from an adverse judgment rendered in an action, brought

by defendants in error as plaintiffs, to determine their ownership and quiet title to mineral interests in described real property. Matters summarized hereafter reflect basis for the action and issues presented on appeal.

In January 1931 Emma Pebley and her husband borrowed $1,000.00 from Minnie Pior. The loan was secured by a mortgage upon approximately 187 acres of land in Beckham County. The husband died and Emma Pebley succeeded to the entire estate prior to April, 1936. On April 2, 1936, the mortgagee executed, and there was filed for record, a partial release of the mortgage security, reciting value received and extension of the mortgage for 10 years at 5% interest. This release also recited:

"* * * the property described in said mortgage is hereby continued to be held as security for the above unpaid principal debt, and unpaid interest, in all respects as heretofore, with the exception, that all security on the oil and gas rights is hereby waived and said mortgage is released as to said oil and gas, and mortgagors are hereby authorized to lease said mortgage premises for oil and gas, without my joining in such lease; * * *."

September 23, 1942, the mortgagee filed foreclosure action against Emma Perkins, formerly Pebley, her husband L. C. Perkins and numerous other defendants who claimed interest in this land, including defendants Gesell. Emma Perkins died following commencement of foreclosure and administration proceedings were begun in behalf of the surviving seven children, including three minors, and mortgagor's surviving second husband. Foreclosure proceedings were revived in names of mortgagor's heirs and personal representative. Upon proper applications a guardian ad litem was appointed for named minor heirs. An attorney also was appointed to appear and defend one heir then in military service, in compliance with Soldiers' and Sailors' Civil Relief Act of 1940. All defendants so represented were served properly and filed answers.

The matter was heard September 23, 1943. Based upon findings of proper service sufficient to give the trial court jurisdiction judgment was entered decreeing foreclosure. The property was ordered sold without appraisement as provided in the mortgage, and defendants, or anyone claiming under them, were enjoined from asserting right, title, lien or interest against purchaser at sheriff's sale. Regular proceedings resulted in confirmation of the sheriff's sale and execution of deed to the mortgagee, which was recorded May 19, 1944. In July 1947 Minnie Pior, former mortgagee and purchaser at sheriff's sale; conveyed the property to defendant Gesell, who immediately went into, and has maintained continuous possession since that time. The administration proceedings in Emma Pebley Perkins' estate did not mention any mineral interest in this property. A subsequent guardianship proceeding in behalf of minor children, and ensuing sale of their inherited interest, made no mention of the mineral interest.

In 1966 plaintiffs, heirs of deceased mortgagor, filed this action claiming ownership of an undivided one-fourth of the mineral interest in this property. Plaintiffs alleged release of mineral interest from lien of the mortgage under the partial release; attempted foreclosure of this lien was void so far as minerals involved; acquisition of sheriff's deed under foreclosure was ineffective to convey title to minerals; foreclosure action and ensuing sheriff's deed did not affect mortgagor's mineral title, and subsequent purchasers, including oil and gas lessee, acquired neither title nor interest in plaintiffs' undivided one-fourth mineral interest. Plaintiffs asked judgment decreeing ownership and extent of each heir's fractional interest, and decree quieting plaintiffs' title to minerals against any and all claims of defendants.

Defendants' amended answer claimed title based upon warranty deed from purchaser of the sheriff's deed (original mortgagee), and asserted legal and equitable

ownership against plaintiffs' claim by virtue of foreclosure proceedings which had divested plaintiffs of any rights. Further, plaintiffs had failed to allege consideration for partial release, fact being such instrument was executed solely to permit mortgagor to execute certain mineral interests; plaintiffs had failed to assert, or make affirmative effort to claim, any interest in mineral rights, and defendants' absolute record title in force more than 15 years evidenced full legal title to surface and mineral interest appearing from the record. Defendants sought judgment decreeing legal and equitable title as against all claims of plaintiffs.

Defendant lessee answered claiming ownership of valid oil and gas lease covering undivided one-fourth mineral interest owned by defendants Gesell. This defendant adopted all allegations contained in co-defendants answers, and prayed protection of all rights and interest acquired as lessee of the Gesells.

By reply to defendants' answer plaintiffs alleged mineral interests were released from lien of the mortgage, and thereby severed from the surface and constituted a separate title as to which there was no issue in foreclosure action; no statute of limitations based upon non-user applied to the severed mineral interest and defendants could not acquire title to such estate based upon prescription, defendants being unable to hold possession of an interest already severed.

Upon trial defendants were permitted to interpose affirmative defenses of laches and estoppel by judgment.

Matters summarized are disclosed by pleadings, stipulations of the parties, and introduction of records. The trial court, noting basis of plaintiffs' claim to be the partial release of the mortgage, opposed to defendants' claim based upon foreclosure proceedings, wherein plaintiffs were defaulting defendants, which did not exclude this mineral interest, took the matter under advisement. September 29, 1966, the court filed written decision determining three questions or issues adversely to defendants. In accordance with such determination, judgment was entered confirming plaintiffs' ownership of one-fourth mineral interest, and cancelling the oil and gas lease previously executed by defendants in favor of the oil company lessee.

Of three contentions presented as grounds for reversal two are ancillary to the basic issue, determination of which is dispositive of this appeal. The principal argument urges the court erred in finding the mineral interest involved had been severed from the surface by the foreclosure proceedings.

Actually the court's judgment was based upon a two-fold finding: (1) the mortgagee's partial release had removed the entire mineral interest from lien of the mortgage; (2) the proceedings were void as to plaintiffs' mineral interest because severed at least when the property was sold at foreclosure sale.

Summarized, defendants claim the mortgagor was required to perform some positive act, i. e. by grant, in order to separate mineral interests from the surface; the only act relative to minerals was the mortgagee's execution of the Partial Release; this instrument was without consideration, and made solely as accommodation for the mortgagor to dispose of certain mineral rights without obtaining the mortgagee's consent, and the mortgagee's act did not create a separate mineral estate. Upon this basis defendants conclude this court should declare there was no severance of the minerals from the surface. Authority for such conclusion purportedly is found in Chicago, etc. Coal Co. v. Minier et al. (7th Cir.), 127 F.2d 1006, 1009, and Shell Oil Company v. Manley Oil Corp. (7th Cir.), 124 F.2d 714. Neither case cited is persuasive, either factually or by analogy. Each case involved construction of a deed and determination of the mineral interest conveyed thereunder.

In Oklahoma, oil and gas in place are minerals and until severed from the soil are part of the realty. Peppers Refining Co. v. Barkett, 208 Okl. 367, 256

P.2d 443; Erwin v. Poole, Okl., 446 P.2d 601. As part of the realty minerals pass by conveyance of the fee title owner. Execution of a mortgage upon the realty necessarily created a lien upon those minerals in place subject to foreclosure upon default in a proper proceeding. But, lien of a mortgage which is discharged by part payment, or otherwise, requires the mortgagor as holder of an equity of redemption, to place notice of this discharge upon the record as against subsequent purchasers or innocent third parties. Release of the minerals from the mortgage lien by execution of the partial release related to real property. When acknowledged and recorded such release became effective against third parties. 16 O.S.1961, §§ 14, 15, 16. At this point 'the minerals involved were severed from the realty and became a paramount title of record, separate from lien of the mortgage, and clearly defeasible under terms of the release. By definition and application a ¬vaiver is voluntary relinquishment of a known right, involving holder's intent to abandon rather than insisting upon such right. Archer v. Wedderien, Okl., 446 P.2d 43.

In State etc. v. Reynolds et al., 201 Okl. 400, 206 P.2d 184, these rules appear:

"In an action to foreclose a real estate mortgage, if plaintiff desires to bring within the·jurisdiction of the court and litigate an outstanding title or interest which on the face of the record is a valid paramount title, the plaintiff should allege the facts upon which he seeks to have his mortgage decreed to be a lien on such apparent paramount title.

"In an action to foreclose real estate mortgage a petition which alleges that certain defendants, other than the mortgagor, are claiming some interests in the real estate, the exact nature of which to the plaintiff is unknown, but that such interests were junior and inferior to the right, title and lien of the plaintiff, without demanding a disclosure of such interests or stating any other ground for including such defendants in

the action should be construed as against the petitioner, as only attacking interests or claims derived from the mortgagor since the execution of the mortgage."

The decisions in Turk v. Page, 68 Okl. 275, 174 P. 1081; Symes v. Panhandle Co-Op. Royalty Co., Okl., 421 P.2d 852, and Ward v. Ayres, Okl., 376 P.2d 579, are not in point. The decisive issue is determined under the quoted rules in Reynolds, supra.

The remaining arguments are directed toward asserted defenses of limitations and laches. Applicability of 12 O.S. 1961, § 93(1) (2) (3), is urged, upon grounds defendants had held adversely to plaintiffs more than 15 years prior to plaintiffs bringing their action. The mineral interest had been severed from the realty by mortgagee's release of lien for a valuable consideration. However, consideration necessary to support a contract is unnecessary to support a waiver. Whitmire v. Zolbe, Okl., 403 P.2d 445. When mineral interests are severed from title to the surface, one who acquires title from purchaser at foreclosure cannot acquire title to minerals by adverse possession of the surface, absent exploration or removal of minerals from the land. Deruy v. Noah, 199 Okl. 230, 185 P.2d 189; Douglass v. Mounce, Okl., 303 P.2d 430.

Upon trial of this cause defendants were granted leave to impose an affirmative defense of laches. The answer filed was considered so amended and plaintiffs generally denied the allegation. No evidence was offered to support the claim of laches. Requisite elements for establishment of laches are enumerated in 27 Am.Jur.2d § 162 and 30A C.J.S. Equity § 115 et seq. The only evidence disclosed by the record related to lapse of time between foreclosure of the mortgage and plaintiffs filing this action to quiet title and confirm ownership of the undivided mineral interest. Existence of laches must be determined upon facts in each case, and cannot be shown by lapse of time alone, but there must be a showing

of delay which works disadvantage to another. Crumley v. Smith, Okl., 397 P.2d 119; Bailey v. Murdock, Okl., 421 P.2d 639.

Judgment affirmed.

MILLS and HARRIS, JJ., concur.