BOARD OF EDUCATION, OF INDEPENDENT SCHOOL DIST. NO. 20, OSAGE COUNTY, et al. v. STATE ex rel. HADDEN et al.

No. 35337. April 21, 1953.

257 P. 2d 1080.

Chas. R. Gray and W. N. Palmer, Pawhuska, for plaintiffs in error.

Hamilton & Kane, Pawhuska, for defendants in error.

ARNOLD, J. This action was begun January 19, 1951, by 19 taxpayers and electors of Independent School District No. 20, Osage county, against three members of the board of education of that district and L. R. Stegall to recover twice the amount alleged to have been paid to Stegall by the board during the school year 1949-1950. The action runs in the name of the state on the relation of said taxpayers and electors. It is alleged that the payments in the course of the year, $5,620, were illegally made to defendant Stegall inasmuch as Stegall did not have an administrative certificate but acted as superintendent of the school district. George Wilhelm, a member of the board throughout said years, is a relator plaintiff. The action also runs against the board of education of the district during said year, the named defendants.

The defendant members of the school board and Stegall filed a motion asking that Wilhelm be made a party defendant alleging that he was a member of the board at the time of the occurrence complained of and as such participated therein. The board of education named as a defendant filed a similar motion. All of these motions were overruled; exceptions were saved.

The defendant board members and Stegall thereafter filed a general and special demurrer to the petition alleging, among other things, defect in parties defendant because, they said, Wilhelm was a necessary party defendant, the action being joint and he having been a member of the board at the time and having participated in the action complained of. The board filed a similar demurrer. The demur-

rers were overruled and exceptions saved. The defendant board members and Stegall filed an answer in which they denied all the allegations of plaintiff, denied that Stegall was hired to act or acted as superintendent, and alleged that Wilhelm was a member of the school board and participated in the action of the board during the year of which complaint was made and prayed that Wilhelm be held liable if liability was fixed on them. The board of education filed a similar answer but in addition thereto alleged its operation of the school district in good faith. The plaintiff filed a motion to strike all that part of those answers which made reference to George Wilhelm. The motion to strike was sustained. The defendants within the time allowed filed separate amended answers. This time they left out of their answers any reference to George Wilhelm. To their amended answers they attached cross-petitions against the plaintiff George Wilhelm alleging Wilhelm's membership on the board and his participation in the actions complained of. Plaintiff filed a motion to strike the cross-petition from the answer of Ray, Thompson, Wells, members of the board, and Stegall, and a motion to strike the entire answer and cross-petition of the board of education. All the motions to strike were sustained by the trial court and exceptions were saved, provoking this appeal from that order.

The defendants as plaintiffs in error here have filed separate petitions in error.

Though the plaintiffs in error argue nine propositions, they concede that if the liability is joint and several, the taxpayers or electors who brought the action in the name of the state had the authority to bring the action and determine which joint tort-feasors would be proceeded against. The defendant in error on the relation of the named taxpayers or electors asserts that the determination of the question of whether the liability under its allegations is joint and several is determinative of the entire issue.

This suit was brought under the provisions of the Oklahoma School Code passed by the 1949 Legislature, 70 O.S. 1951, articles 1-20, inclusive, which became effective July 1, 1949. Article 6, §6, of the School Code, supra, provides that it shall be unlawful for a member of the board of education of a school district to employ, approve, or vote for any person to perform services for such district unless the person employed holds a valid certificate of qualification issued in accordance with the rules and regulations of the State Board of Education to perform the services he is employed to perform. Article 6, §7, provides that it shall be unlawful for any person to serve, or to contract or agree to serve, as superintendent, principal, etc., unless such person holds a valid certificate of qualification issued by the State Board of Education to perform the services he performs or contracts or agrees to perform. Both of these sections are new and appear for the first time in the Oklahoma Statutes, Supp. 1949.

Article 1, §18, defines "superintendent" as follows:

"a. Teacher: Any person who is employed to serve as district superintendent, county superintendent, principal, supervisor, librarian, school nurse or classroom teacher, or in any other instructional, supervisory, or administrative capacity, is defined as a teacher. Such person shall not be deemed qualified unless he or she holds a valid certificate, issued by and in accordance with the rules and regulations of the State Board of Education, to perform the particular services for which he or she is employed.

"b. Superintendent: A district superintendent of schools shall be the executive officer of the board of education and the administrative head of the school system of a district maintaining an accredited high school, provided he holds an administrator's certificate recognized by the State Board of Education."

Article 4, §30, under which this action is brought, provides:

"Every member of the board of education or board of county commissioners who shall hereafter vote for the payment of any money or transfer of any property belonging to the school district in settlement of any claim known to such member to be fraudulent or void or in pursuance of any unauthorized, unlawful or fraudulent contract or agreement made or attempted to be made, for any school district, by any officer or officers thereof, and every person having notice of the facts with whom such unauthorized, unlawful or fraudulent contract shall have been made, or to whom, or for whose benefit such money shall hereafter be paid, or such transfer of property shall be made, shall be liable in damage to all innocent persons in any manner injured thereby and *shall be liable to the school district affected for double the amount of all sums of money so paid,* and double the value of property so transferred, as a penalty to be recovered at the suit of the board of education of such school district, or of any school district elector thereof, as hereinafter provided. *Such illegal payment of money shall include salaries* or any compensation *paid to any person for teaching or performing other services* for said district *when such person* does not have a written contract required by law or *does not hold a valid certificate as required by the Oklahoma School Code or rules and regulation of the State Board of Education,* for the subjects taught or *services performed* and valid for the entire time for which such person has been paid, and any person receiving such illegal payment shall also be guilty of a misdemeanor." (Emphasis ours.)

Section 31 of this same article provides that upon refusal, failure or neglect of the board of education after written demand made upon them by ten school district electors to institute suit to recover money unlawfully paid out, any school district elector may, in the name of the State of Oklahoma as plaintiff, institute such suit for the benefit of the district.

Article 6, §1, of the Oklahoma School Code, provides in part:

"* * * No board of education shall have authority to enter into any written contract with a teacher who does not hold a valid certificate issued or recognized by the State Board of Education authorizing said teacher to teach the grades or subject matter for which the teacher is employed. Any board of education paying or authorizing the payment of the salary of any teacher not holding a certificate, as required herein, shall be adjudged to be guilty of a fraudulent expenditure of public funds and members voting for such payment shall be held jointly responsible for the return of the amount of any public money thus expended, upon suit brought by the county attorney or by any interested citizen in the district where such funds have been expended. * * *"

Nobody contends that an administrator's certificate is not required or provided for.

The relators urge that this action sounds in tort and they can bring the action against those tort-feasors whom they choose. The real party in interest is the school district. This is not private litigation for remuneration for a private wrong. Relators cannot make such a choice for the district. The rule usually applicable in tort-feasor cases has no application here. A tort is an action inherently wrong. Until July 1, 1949, there was no statute against hiring a superintendent who did not possess an administrator's certificate nor was it ever a wrong at common law. The liability and penalty prescribed inures to the benefit of the public, the school district, and was designed to insure the enforcement of the public policy of the state enunciated for the first time by the statute. The evident intent of the Legislature was to make all guilty board members jointly liable and it evidently did not intend to leave this liability to the discretion of individuals. We have not heretofore construed the statute in this respect, and

no case in point is cited from any other jurisdiction.

The statutes above quoted determine the public policy of this state, which is that boards of education may not knowingly hire and pay uncertified teachers or superintendents or other employees, and if such is done, the members of such board shall be jointly liable for the return of the amount of public money thus expended. The action is for the benefit of the school district, not the individual taxpayers or electors who bring the suit as mere relators, and to allow such relators to determine to bring such suit against three members of the school board only, in the face of allegations by such members that another member of the board, one of the relators, also participated in the actions complained of and is liable if they are, would not be to the best interest of the school district, the real party in interest, and would be violative of public policy. The school district is entitled to have the action prosecuted against all board members who knowingly participated in the alleged wrongful action, and, conversely, the liability being joint, the board members are entitled to have made party defendants all those members who participated in such action. A guilty member of such a board cannot escape liability by becoming a relator and thus putting himself in the position of a nominal plaintiff and bringing suit against his fellow board members. Nor should the other relators, electors-taxpayers, be interested in assisting such guilty member to escape liability. For interesting supporting philosophy, see: 52 Am. Jur. p. 24-25; Amoskeag Savings Bank v. Eppler, 182 Okla. 391, 77 P. 2d 1158; In re Seagraves, 4 Okla. 422, 48 P. 272; 52 Am. Jur. p. 7.

Wilhelm should be brought in as party defendant and allowed to make such defense to the action as he can.

The cause is reversed, with instructions to proceed not inconsistent with this opinion.

HALLEY, C.J., JOHNSON, V.C.J., and CORN, O'NEAL, and BLACKBIRD, JJ., concur. WELCH, DAVISON, and WILLIAMS, JJ., dissent.