TEXAS COUNTY IRRIGATION AND WATER RESOURCES ASSOCIATION, INC., a non-profit Oklahoma Corporation, by its Board of Directors, Appellee,

v.

CITIES SERVICE OIL COMPANY, a Delaware Corporation, and the State of Oklahoma ex rel. Oklahoma Water Resources Board, Appellants.

No. 48311.

Supreme Court of Oklahoma.

Oct. 4, 1977.

**50**

Tryon, Sweet, Field & Petty, Guymon, Joseph F. Rarick, Norman, for appellee.

E. L. Creasey, Charles A. Purser, Peer L. Anderson, Tulsa, for appellant, Cities Service Oil Co.

Larry Derryberry, Atty. Gen. of Oklahoma, James R. Barnett, Asst. Atty. Gen., for appellant, State ex rel. Oklahoma Water Resources Bd.

Michael C. Smith, Tulsa, for amicus curiae, Gulf Oil Co.—U. S.

Paul D. Fielding, Jr., Tulsa, for amicus curiae, Sun Oil Co.

Galen E. Ward, Oklahoma City, Carl W. Jones, Bartlesville, for amicus curiae, Phillips Petroleum Co.

Harry O. Lambert, Oklahoma City, Okl., for amicus curiae, Amoco Production Co.

David R. Latchford, Denver, Colo., John E. Robertson, New York City, S. M. Groom, Jr., Edmond, for amicus curiae, Mobil Oil Corp.

LAVENDER, Vice Chief Justice:

Cities Service Oil Company (Cities Service), appellant, filed its application with the Oklahoma Water Resources Board (Board), appellant, on April 5, 1973. That application sought a permit to appropriate 235.23 acre-feet annually of fresh underground water from the Ogallala formation for the purpose of secondary oil recovery in a water flood project. The leased water rights covered a 120-acre tract located in Texas County. Administrative hearing was held June 1, 1973. No protest was filed. Board's staff recommended the permit be issued at the Board's meeting of June 12, 1973. The matter was deferred until the meeting of July 10, 1973. At that meeting, the Texas County Irrigation Association (Association), appellee, appeared and protested. Board approved issuing the permit, and made subsequent findings of fact and conclusions of law.

Association sought a judicial review under the Administrative Procedures Act in the District Court of Texas County. 75 O.S.1971, § 318 et seq. That court's final judgment reversed the Board decision granting the permit. That decision was principally based on a determination that allowing the use of fresh water in a water flood system for secondary oil recovery constitutes waste. Both Cities Service and the Board appeal that judgment to this court. § 323.

The Board and Cities Service argue use of fresh ground water for secondary oil recovery is for a beneficial use and is not

"per se" waste. The Association contends the statutory definition of waste in the "Oklahoma Ground Water Law" requires such fresh water use to constitute waste, without exception and under any circumstances. Parties argue the application of the old law (in effect until July 1, 1973, 82 O.S.1971, §§ 1001 through 1018) as opposed to the new law (in effect July 1, 1973, 82 O.S.Supp.1973, §§ 1020.1 through 1020.22). Both laws contain the same basic language as to waste that is here involved. § 1002 in defining "waste," (a), (c); § 1020.15 in not permitting fresh water waste, (3), (6).[1] As to which law is in effect here is not determinative of this principal issue.

■ Difficulty with the statutory language as to "waste" including use of fresh ground water came as early as 1967, with the Board seeking an attorney general's opinion. That opinion concluded such a use was not, in and of itself, waste. Acting accordingly, and under the Administrative Procedures Act, the agency promulgated administrative rules that had the effect of recognizing such a beneficial use, without it being determined "per se" waste. Although failure of the Legislature to express its disapproval of administrative rules under 75 O.S.1971, § 308 does not empower adoption regardless of legal power to do so,[2] it does reflect a legislative intent that regardless of the circumstance, any and all use of fresh ground water for secondary oil recovery is not, of itself, "waste" under the ground water law.

House Joint Resolution No. 502 of the Twenty-sixth Oklahoma Legislature outlined five beneficial uses of water with "providing food and fiber" having a third priority and "increasing wealth" having the fourth priority. Present mechanical farming coupled with energy problems forces consideration of oil production, as well as irrigation, to be in both the third and fourth priorities of beneficial uses. Irrigation needs not only fresh water, but energy to operate the irrigation pumps.

■ Without express legislation, we have difficulty determining fresh water use for secondary oil recovery to be "per se" waste. A statutory construction which would lead to an absurdity will be avoided if this can be done without violating the evident legislative intent. *Wooten v. Hall,* Okl., 442 P.2d 334, 336 (1968). The evident legislative intent is not violated by this holding.

These views do not mean fresh ground water use in a water flood secondary oil recovery program under any circumstance may not constitute waste. That is an administrative decision for the Board after individual proceedings before the agency where probative evidence may be admitted and given effect. Here, evidentiary arguments made in the Association's brief come too late. The Association's appearance and protest before the Board on July 10, 1973, were limited to its position of all use of fresh ground water for secondary oil recovery was waste. Transcript of arguments and statements of position before the district court indicate the issues before that court included the issues discussed in this opinion as to (1) application of what law, and (2) the use of fresh ground water in this context constitutes waste "per se." This judicial review is similarly limited.

Reversed with instructions the Board's order and permit be declared valid.

HODGES, C. J., and WILLIAMS, IRWIN, BERRY and BOX, JJ., concur.

DAVISON, BARNES and DOOLIN, JJ., dissent.

SIMMS, J., certified his disqualification. The Honorable Dwain D. Box was appointed in his stead.

---

1. In context of the two sections found in both ground water laws, that basic language reads:

   \* \* \* \* \* \*

   "Taking or using ground water in any manner so that the water is lost for beneficial use."

   \* \* \* \* \* \*

   "Permitting any ground water to reach a previous stratum and be lost into cavernous or otherwise pervious material encountered in a well."

2. *Oklahoma Alcoholic Beverage Control Bd. v. Welch,* Okl., 446 P.2d 268, 270 (1968).