STATE of Oklahoma ex rel. Roy C. THOMPSON, Appellant,

v.

Eldon EKBERG, J. C. Wright, Robert Ridgeway, Donald Richards and Scott Moxom, Appellees.

No. 50775.

Supreme Court of Oklahoma.

June 17, 1980.

Jack E. Rider, Stillwell, for appellant.

Wm. S. Hall, Green, Feldman, Hall & Woodard, Tulsa, for appellees.

SIMMS, Justice:

Plaintiff appeals from a defendants' judgment in a taxpayer's suit brought in the District Court of Sequoyah County by electors in the Vian School District of Vian, Oklahoma, to recover damages against the Vian School Board (Board) members, and against Scott Moxom, for the wrongful hiring of Moxom as principal of the Vian High School.

Moxom was hired to serve as principal for the 1974–75 school year at a salary of $11,200 per year. Moxom did not have a standard master's degree as required for his certification by 70 O.S.Supp.1972, § 3–104, subsection 9. The Board hired Moxom only after a representative of the State Department of Education, Ben Chapman, advised the Board that the degree requirement would be waived. Moxom was then working toward his master's degree, and the Board had little time in which to hire a principal before the school year began. Moxom then served as principal for the school year, acquiring his master's degree sometime thereafter.

Appellant (plaintiff below) claims that the purported waiver of the certification requirement was ineffective, and therefore the appellees are liable for double the amount of the salary for the wrongful act of hiring an uncertified principal. 70 O.S. 1971, § 5–125.

The trial court found the purported "waiver" or "permission" effective and gave judgment for the defendants.

70 O.S.Supp.1972, § 3–104, in its applicable provision, reads:

"The control of the State Department of Education and the supervision of the public school system of Oklahoma shall be vested in the State Board of Education and, subject to limitations otherwise provided by law, the State Board of Education shall:

" * * *

"9. Have full and exclusive authority in all matters pertaining to standards of qualifications and the certification of persons for instructional, supervisory, and administrative positions and services in the public schools of the state, and shall formulate rules and regulations governing the issuance and revocation of certificates . . .

". . . Provided, further, that the requirements for a certificate for county superintendent of schools, district superintendent of schools and principal, shall include not less than a standard master's degree . . . "

Defendant's claim that the State Board of Education's grant of full and exclusive authority in matters pertaining to qualifications allows it to waive the specific requirement of a master's degree for a principal, and that, in fact, this waiver is given routinely by the State Board of Education.

A plain reading of the statute shows a legislative intent that no person is to be certified to be a principal unless he or she holds a standard master's degree. This is a specific exception to the general words of grant of authority, and as a rule, general words in a statute are limited by subsequent more specific terms. *Oklahoma Tax Commission v. Fortinberry Co., 201 Okl. 537, 207 P.2d 301 (1949).* To hold otherwise and allow the State Board of Education discretion to ignore the requirement, would make the requirement meaningless. This Court will not presume the legislature has done a vain and useless act. *In re Supreme Court Adjudication, etc., Okl., 597 P.2d 1208 (1979).* Further, statutes must be interpreted to render every word and sentence operative, rather than in a manner which would render a specific statutory provision nugatory. *In re Supreme Court Adjudication, supra.*

Finally, the grant of authority to the State Board of Education is specifically subject to limitations otherwise provided by law. The requirement that a principal hold a standard master's degree is one such limitation.

We hold, therefore, that the State Board of Education has no authority to waive the requirement of a master's degree for a certificate for a principal, and such purported waiver is of no effect.

Plaintiffs base the liability of the defendants on 70 O.S.1971, § 5–125, providing a recovery of double the amount of money wrongfully paid, specifically including money paid on an unlawful school employment contract. This statute is penal in nature and must be strictly construed. See: *State, ex rel., Brown v. Board of Education of Independent School District "A", City of Anadarko, et al., 194 Okl. 411, 152 P.2d 262 (1944),* which addressed 70 O.S.1941, § 132, the predecessor to 70 O.S.1971, § 5–125.

The policy of this statute was discussed in *Board of Education of Independent School District No. 20 of Osage County, et al. v. State, ex rel., Hadden, et al., 208 Okl. 504, 257 P.2d 1080 (1953)*:

"The statutes above quoted [70 O.S.1951, § 4–30, now 70 O.S.1971, § 5–125] determine the public policy of this state, which is that boards of education may not knowingly hire and pay uncertified teachers or superintendents or other employees, and if such is done, the members of such board shall be jointly liable for the return of the amount of public money thus expended."

Liability under the statute is only imposed where the Board "knowingly" hires a principal without certification. Under the facts presented, the Board could not reasonably have known that the waiver given was ineffective to satisfy the certificate requirement. We hold today that the requirement of a master's degree for a principal cannot be waived. This holding stands as notice to all school boards that any such purported waiver is of no effect, and that any money expended under such purported waiver is an unlawful expenditure that will subject the parties involved to liability under 70 O.S.1971, § 5–125.

Judgment of the trial court affirmed.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, BARNES, HARGRAVE and OPALA, JJ., concur.