The Attorney General's Office is in receipt of your request for an opinion wherein you ask the following questions: "1. Did House Joint Resolution 502 enacted by the Twenty-Sixth Legislature in 1957 create or establish, as a matter of substantive law or rule of law in Oklahoma, any preferred or prioritized uses of ground water? "2. Do the basic principles of a proposed water policy contained within House Joint Resolution 502 (1957), with particular respect to the "Priority of Water Uses" therein referred, constitute a declaration of the current ground water policy of the State of Oklahoma? "3. Are there any preferred or prioritized ground water uses recognized or provided for otherwise under the current Oklahoma Ground Water Law (82 O.S. 1020.1 [82-1020.1] through 82 O.S. 1020.22 [82-1020.22] [82-1020.22] (1979), inclusive)?" House Joint Resolution No. 502, 26th Legislature, Regular Session, was approved by the Governor on March 28, 1957 declaring and adopting a statement of basic principles of a proposed water policy for the state; and recognizing and approving the report of the (Oklahoma Water Study Committee. Section 2 of H.J.R. 502 states, in relevant part: "The Legislature approves the following basic principles of a proposed water policy for this state, to-wit: ". . . "II. PRIORITY OF WATER USES "The beneficial uses of water shall be defined in this order of importance and priority: 1. Sustaining life (domestic use), 2. Maintaining health. 3. Providing food and fiber, 4. Increasing wealth, 5. Augmenting recreation. "This order of priority is to be used only as a guide in settling future applications for water." H.J.R. 502 has the force and effect of a valid legislative enactment where all other constitutional requirements are observed. The issue is what substantive consequence H.J.R. 502 has, as a matter of law, with respect to the creation or establishment of ground water use priorities or preferences in Oklahoma. Section 3 of H.J.R. 502 provides: "This Resolution shall not be self-executing, and nothing herein shall repeal or amend any existing law, it being the intent of the Legislature by this Resolution to adopt a policy to be followed in drafting and considering future legislation." S.J.R. 502 was intended by the Legislature to be utilized only as a guide in the consideration of future legislation and not as an expression of substantive law or rules possessing the full force of law. By declaring within Section 3 that H.J.R. 502 would not be self-executing, the Oklahoma Legislature clearly provided that the Section 2 statements of a proposed water policy, including the proposed "Priority of Water Uses", would require additional implementing policy. The Oklahoma Ground Water Law existing at the time of H.J.R. 502 (1957) consisted of the original 1949 Ground Water Law then codified at 82 O.S. 1001 [82-1001] — 82 O.S. 1019 [82-1019] (1951). The Ground Water Law of 1957 clearly made no preferences or priorities. The current Oklahoma Ground Water Law is set out in 82 O.S. 1020.1 [82-1020.1] through 82 O.S. 1020.22 [82-1020.22] (1972) inclusive with minor amendments in 1973, 1977 and 1978. These statutory provisions have superseded and replaced the policies of H.J.R. 502. The Oklahoma Supreme Court has upheld the authority of the Board on the granting of permits. In Lowrey v. Hodges, Okl., 555 P.2d 1016
(1976), the Supreme Court sustained an Order of the Board which had granted a temporary permit for the use of ground water for irrigation purposes. In that case, protestants maintained, among other things, that the court should reverse the Board Order for the reason that the Board had failed to consider domestic priorities to the use of ground water involved prior to issuing its Order and permit. On this issue, the court ruled that the statute in question (82 O.S. 1020.9 [82-1020.9] (1975)) did not require the Board to consider domestic priorities before granting the permit. This ruling was verified and expounded upon by the court in Hodges v. Oklahoma Water Resources Board, Okl., 580 P.2d 980 (1978). That case also involved a protest to the Board's granting of a temporary permit to take and use ground water for spray irrigation purposes, that is, as asserted by the protestants, a ground water use other than domestic. The protestants in that case maintained that the intended use would decrease the quality of water available for domestic use in the area and would decrease the quality of water available for domestic and municipal uses. On this point, the court in Hodges v. Okla. Water Resources Bd., supra, stated the following: "We find that the trial court should have sustained the Board's finding on each of those questions. We further held in Lowrey, supra, that the statutes (82 O.S. 1020.9 [82-1020.9] et seq. (1972)) do not require the Board to consider domestic priorities before granting a permit. We now hold that the fact that it is not necessary to obtain a permit before taking water for domestic use does not give water for domestic use a priority over water put to other beneficial use. If the Legislature had intended such a priority to be given water for domestic use, it would have so stated in the sections of the statute relating to permits. We have no alternative but to hold that no such priority was intended." (At 580 P.2d 980, 983) In Texas County Irrigation v. Cities Service Co., Okl., 570 P.2d 49
(1977), the Oklahoma Supreme Court was called upon to determine whether the use of fresh ground water in a secondary oil recovery process constituted, per se, a wasteful use of ground water such as would be prohibited under the 1972 Ground Water Code. In this case, the court referred to H.J.R. 502 in the body of its opinion for the purpose of noting that the use of fresh ground water in secondary oil recovery would, as contemplated by that resolution, constitute a beneficial use of water. The court held that this use would not constitute waste per se in light of this beneficial use recognition and in light of the implicitly approved rules and regulations of the Board which had the effect of recognizing this use as not constituting waste per se. While referring to H.J.R. 502 in this case, there is nothing within the opinion of the court which would imply that H.J.R. 502 was recognized as establishing use priorities as a matter of law or policy in Oklahoma. It is rather clear that the court here merely referred to H.J.R. 502 as part of its consideration in addressing the issue of this particular use as a "beneficial use", this being in the absence of a statutory definition of the phrase. There is no statutory provision in the current ground water law today which establishes preferred or prioritized ground water uses. The current ground water law has established a policy of equal proportionate sharing among all overlying landowners. It is, therefore, the official opinion of the Attorney General that H.J.R. 502, 26th Legislature, Regular Session, did not create or establish as a matter of substantive law in Oklahoma, any preferred or prioritized uses of ground water. The water policy contained within H.J.R. 502, with respect to the "priority of water uses," does not constitute a declaration of the current ground water policy of the State of Oklahoma The current ground water policy of the State of Oklahoma is expressly set forth and declared at 82 O.S. 1020.2 [82-1020.2] (1972). There are no preferred or prioritized ground water uses recognized or provided for otherwise under the current Oklahoma Ground Water Law. 82 O.S. 1020.1 [82-1020.1] — 82 O.S. 1020.22 [82-1020.22] (1979). (VICTOR G. HILL, JR.) (ksg)