**OKLAHOMA WATER RESOURCES BOARD, Appellant,**

v.

**FRANCO–AMERICAN CHAROLAISE, LTD., Appellee.**

No. 55696.

Court of Appeals of Oklahoma, Division No. 1.

April 13, 1982.

Released for Publication by Order of the Court of Appeals June 18, 1982.

---

R. Thomas Lay, Oklahoma City, for appellant.

George W. Braly, Stonewall, for appellee.

REYNOLDS, Judge:

Oklahoma Water Resources Board (Appellants) terminated the vested right of Franco-American Charolaise, Ltd. (Appellee) to appropriate 310 acre-feet of stream water from Clear Boggy Creek. Appellant determined that Appellee had forfeited its water right under 82 O.S.Supp.1972, § 105.-17 which states:

> To the extent that the water authorized is not put to beneficial use as provided by the terms of the permit, that amount not so used shall be forfeited by the holder of the permit and shall become public water and available for appropriation. When the party entitled to the use of water commences using water but thereafter fails to beneficially use all or any part of the water claimed by him, for which a right of use has been vested for the purpose for which it was appropriated for a period of seven (7) continuous years, such unused water shall revert to the public and shall be regarded as unappropriated public water.

The Appellee did not contest the fact that no water had been beneficially used for seven years. Appellee produced substantial and uncontested evidence at a hearing before the Water Resources Board that the actual reason the water rights were not used was that the stream was polluted with salt and acid from oil company operations upstream. The trial court found that:

> Such pollution, according to the testimony, damaged crops repeatedly, killed vegetation along the stream and reduced fishing possibilities along the stream. The undisputed testimony by a disinterested long-term area resident was that it was only within the last two or three years that the problem has been abated somewhat and that fish have returned to the stream.

The trial court reinstated Appellee's water rights after determining that the non-use was occasioned by circumstances beyond its control.

Appellant contends that it was error to consider justification or excuse in construing 82 O.S.Supp.1979, § 105.18 which states in pertinent part:

When the right to use water has been lost in whole or in part, as provided in Section 105.17 of this title, the Board may proceed to cancel administratively such right by notifying the claimant of such right, or his latest successor in such rights, by written notification mailed by registered or certified mail to his last known address that there is reasonable cause for believing that he has lost his water rights under the provisions of Sections 105.16 or 105.17 of this title. Such notice shall be mailed at least thirty (30) days prior to the date set for the hearing and shall give the time and place set for the hearing on such water rights.... At such hearing the claimant of such water right, or his successor in such right, *shall have the right to show cause why such water right should not be declared to have been lost through nonuse.* [Emphasis added.]

The trial court found:

This Court is persuaded that the Oklahoma Statute, 82 O.S. 32A, as reenacted by the Legislature in June 1965, and as further amended in 1972, 82 O.S. § 105.-17, is sufficiently similar to the statutes of such states as Utah, Sec. 100–1–4, Utah Code Annotated 1943, so that it should be construed consistently with the long standing opinions of those Courts.

In this Connection, the Utah Court has stated:

"In construing statutes similar to this [The Utah Statute], the Courts have uniformly held that forfeiture will not operate in those cases where the failure to use is the result of physical causes beyond the control of the appropriator such as floods, which destroy his dams and ditches, droughts, etc., where the appropriator is ready and willing to divert the water when it is naturally available. *Rocky Ford Irr. Co. v. Kents Lake Reservoir Co.,* 104 Utah 202, 135 P.2d 108, 111 (1943).

■ Appellant contends that the only "cause" which may be shown to avoid forfeiture under the statute is that water was actually put to beneficial use. Statutes must be interpreted to render every word and sentence operative rather than in a manner which would render a specific statutory provision nugatory. *State ex rel. Thompson v. Ekberg,* 613 P.2d 466, 467 (Okl. 1980). The Legislature has provided that a claimant may "... show cause why such water right should not be declared to have been lost through nonuse...." This Court will not presume that the Legislature has done a vain and useless act in providing the opportunity to "show cause." *In re Supreme Court Adjudication, etc.,* 597 P.2d 1208 (Okl.1979).

■ If Appellant's construction were adopted, the holder of a water right from a stream which has been polluted by the wrongful acts of others would be faced with the choice of destroying crops by using polluted water or of losing a water right entirely. The priority attached to the right would also be lost. *See,* 82 O.S.Supp.1972, § 105.2(B). Statutes must be construed in light of the intent of the Legislature. The Oklahoma Legislature has provided that "... [b]eneficial use shall be the basis, the measure and the limit of the right to use water...." [Emphasis added.] 82 O.S. Supp.1977, § 105.2(A). A construction which would render legislation an absurdity will be avoided if it can be done without violating the evident legislative intent. *Texas City Irrigation v. Cities Service Oil Co.,* 570 P.2d 49 (Okl.1977).

AFFIRMED.

WILSON, P. J., and BOX, J., concur.