ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN OFFICIAL OPINION REGARDING A PROPOSED RULE CHANGE OF THE DEPARTMENT OF HUMAN SERVICES. AS HAS BEEN THE POLICY OF PAST ADMINISTRATIONS, THIS OFFICE IS UNABLE TO ISSUE OFFICIAL OPINIONS REGARDING PROPOSED LEGISLATION, OR, IN THIS CASE, PROPOSED RULES OF A STATE BOARD, AGENCY OR COMMISSION. THIS POLICY IS NECESSARY BECAUSE EVEN THE ALTERATION OF A SINGLE WORD IN THE FINAL LEGISLATION OR RULE AS ADOPTED, COULD CHANGE THE MEANING OF THE LEGISLATION OR RULE SUBSTANTIALLY. TO ISSUE OFFICIAL OPINIONS ON PROPOSALS FOR RULES, THEN, COULD SERVE LITTLE USEFUL PURPOSE PRIOR TO THE ADOPTION OF THE RULE AFTER DISCUSSION IN PUBLIC HEARING. I WOULD NOTE, HOWEVER, THAT THE PROPOSED RULE CHANGE WHICH YOU FORWARDED WITH YOUR REQUEST REFLECTS THE DELETION OF WORDING CONTAINED IN THE PRESENT LAW. AS THE MEMORANDUM YOU FORWARDED STATES, 10 O.S. 402 [10-402](4) (1986) INCLUDES THE LANGUAGE "THESE DEFINITIONS OF FAMILY DAY CARE HOME AND DAY CARE CENTER DO NOT INCLUDE INFORMAL ARRANGEMENTS . . . AND DO NOT INCLUDE NURSERY SCHOOLS, KINDERGARTENS, OR OTHER FACILITIES OF WHICH THE PURPOSE IS PRIMARILY EDUCATIONAL, RECREATIONAL, OR MEDICAL TREATMENT." THUS, TO THE EXTENT THAT THE PROPOSED RULE WERE TO ATTEMPT TO ALTER THE MEANING OR INTENT OF THE EXISTING STATUTE, IT WOULD BE VOID. SEE, E.G., STATE EX REL. THOMPSON V. EKBERG,613 P.2d 466 (OKL. 1982), HOLDING THAT GRANT OF AUTHORITY TO A STATE AGENCY IS SPECIFICALLY SUBJECT TO LIMITATIONS OTHERWISE PROVIDED BY LAW. (SUSAN BRIMER LOVING)