Dear Representative Boyd,
¶ 0 This office has received your letter asking for an official Opinion, addressing, in effect, the following question:
 Under the provisions of the Oklahoma Open Meeting Act dealing with the holding of an executive session, 25 O.S. Supp. 1995, § 307[25-307], may a board of education go into an executive session to discuss the salary of an individual employee?
¶ 1 Under the general provisions of the Oklahoma Open Meeting Act, 25 O.S. 1991 and Supp. 1995, §§ 301 to 314 ("the Act"), the meetings of public bodies must be open to the general public. Specifically, 25 O.S. 1991, § 303[25-303] provides that all meetings of public bodies, except as specifically provided in the Act, are to be open to the public:
 All meetings of public bodies, as defined hereinafter, shall be held at specified times and places which are convenient to the public and shall be open to the public, except as hereinafter specifically provided. All meetings of such public bodies, except for executive sessions of the State Banking Board and Oklahoma Savings and Loan Board, shall be preceded by advance public notice specifying the time and place of each such meeting to be convened as well as the subject matter or matters to be considered at such meeting, as hereinafter provided.
25 O.S. 1991, § 303[25-303] (emphasis added).
¶ 2 As defined in the Act, the term "public body" includes a board of education:
 "Public body" means the governing bodies of all
municipalities located within the State of Oklahoma, boards of county commissioners of the counties in the State of Oklahoma, boards of public and higher education in the State of Oklahoma and all boards, bureaus, commissions, agencies, trusteeships, authorities, councils, committees, public trusts, task forces or study groups in the State of Oklahoma supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public property, and shall include committees or subcommittees of any public body.
25 O.S. Supp. 1995, § 304[25-304](1) (emphasis added).
¶ 3 Thus, boards of education must comply with the provisions of the Oklahoma Open Meeting Act. Accordingly, board of education meetings, except those specifically excluded in the Act, must be open to the public.
¶ 4 The Oklahoma Open Meeting Act allows public bodies to hold executive sessions to discuss specifically enumerated topics. In pertinent part, Section 307, which deals with executive sessions of public bodies, provides:
 A. No public body shall hold executive sessions unless otherwise specifically provided in this section.
 B. Executive sessions of public bodies will be permitted only for the purpose of:
 1. Discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any individual salaried public officer or employee[.]
25 O.S. Supp. 1995, § 307[25-307] (emphasis added).[1]
¶ 5 In Attorney General Opinion 78-201, the Attorney General, in construing the above quoted provision, concluded that a public body could not go into executive session for the purpose of discussing the individual salary of an officer or employee. In reaching this result the Attorney General, quoted the language of the statute, then concluded:
 In view of the foregoing statutory provision, it is clear that a public body cannot go into executive session to discuss the individual salary of an officer or employee. With regard to a merit increase of an individual's salary, it would appear that a public body can, under the foregoing statutory provision, go into executive session to discuss the promotion of an officer or employee. Thus, if a merit increase in salary is connected with a promotion, it would appear to be the proper subject of an executive session under Section 307.
A.G. Opin. 78-201 at 513-14.
¶ 6 So stating, the Attorney General implicitly found that the only possibly applicable listed topic was the discussion of an employee's "promotion." The Attorney General thus apparently read the word "employment" to be synonymous with "hiring" and "appointment." We do not so interpret the statute.
¶ 7 If we were to read "employment," in the phrase, "discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any individual salaried public officer or employee," to mean the hiring or appointment of an officer or employee, the term "employment" would be mere surplusage. Such a construction of the statute would require us to assume that the Legislature's inclusion of "employment" in the list of discussion topics was a vain and useless thing. However, such a construction is not permitted under Oklahoma law. The Oklahoma Supreme Court has held on many occasions, that where possible, "statutes must be interpreted to render every word
and sentence operative," State ex rel. Thompson v. Ekberg,613 P.2d 466, 467 (Okla. 1980) (emphasis added), "and not so that [part of] a statute is rendered superfluous," Anderson v.O'Donoghue, 677 P.2d 648, 651 (Okla. 1983), or useless, Boardof Education of Oklahoma City v. Woodworth, 214 P. 1077, 1081
(Okla. 1923).
¶ 8 In the case at hand, if we were to read "employment" to simply mean "hiring or appointing," its presence in the statute would be mere surplusage. This being the case, the term "employment" must be read in a broader sense — given a broader meaning. Accordingly, we construe the term "employment," as used in Section 307(B)(1) of Title 25, to include continued employment and conditions of employment such as place of employment, salary, duties to be performed and evaluations. As noted in Attorney General Opinion 72-233, the Open Meeting Act confers upon the public "a right to attend meetings of governmental agencies where public money and property is being administered, except at those times when the acts and qualifications of prospective and current public employees are being considered." Id. at 233. "The purpose behind the personnel exception," the Attorney General concluded, "is the protection of the reputation and dignity of the individual employee." Id. Our construction of "employment" is consistent with that purpose. In reading "employment" in its broader sense, we conclude that a public body, such as a board of education, may, under the provisions of 25 O.S. Supp. 1995, § 307[25-307](B)(1), properly hold an executive session to discuss the salary of any individual salaried public officer or employee.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Under the provisions of 25 O.S. Supp. 1995, § 307(B)(1), which permit the holding of an executive session for the purpose of "[d]iscussing the employment, hiring, appointment, promotion, demotion, disciplining, or resignation of any individual salaried public officer or employee," a public body, such as a board of education, may go into executive session for the purpose of discussing the salary of an individual salaried public officer or employee.
 2. Attorney General Opinion 78-201, which reached a contrary conclusion, is withdrawn.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER SENIOR ASSISTANT ATTORNEY GENERAL
[1] Additionally, under the provisions of 70 O.S. 1991, §5-118[70-5-118], boards of education are permitted to conduct executive sessions to discuss such matters relating to volunteers as well as employees, to discuss negotiations with employee groups and to hear evidence and discuss the expulsion or suspension of a student.