Dear Administrator Jackson,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 For purposes of determining "salary" as that term is used for benefit calculations under 20 O.S. 2001, § 1102A[20-1102A](A) and 20 O.S. Supp. 2003, § 1104[20-1104](A) (both specifically using the term "average monthly salary") and for payment of contributions under 20 O.S. 2001, § 1103[20-1103](A) (specifically using the term "current monthly salary") and 20 O.S. Supp. 2003, § 1103.1[20-1103.1](A) (specifically using the term "monthly total actual paid salaries"), may amounts other than the statutorily set salaries of justices and judges (specifically set forth in 20 O.S. 2001, §§ 3.1[20-3.1], 30.2A, 31.2, 92.1A and 85 O.S. 2001, §§ 1.2[85-1.2], 1.2A) be used to calculate contributions or benefits?
¶ 1 Particularly, you seek guidance on whether excess benefit allowance and/or longevity pay may be included as "salary" for purposes of calculating contributions of, or benefits to, justices and judges under the Uniform Retirement System for Justices and Judges ("System"), 20 O.S. 2001 Supp. 2003, §§1101-1111.
 Background
¶ 2 Section 1101.1(A) of Title 20 establishes the System as a qualified retirement plan under Sections 401(a) and 414(d) in Title 26 of the Federal Internal Revenue Code ("Code"). Section 1103(A) establishes an Oklahoma Judicial Retirement Fund ("Fund"), to be held in the State Treasury and managed by the Board of Trustees of the Oklahoma Public Employees Retirement System ("OPERS"), as provided in Section 1108(A) of Title 20. Contributions to and distributions from the Fund are subject to provisions of the Code applicable to qualified retirement plans.20 O.S. 2001, § 1103[20-1103](B); 74 O.S. Supp. 2003, § 902[74-902](9)(b), (c).
¶ 3 Each justice or judge who is a member of the System "shall have five percent (5%) of his or her current monthly salary
withheld by the State" and deposited in the Fund. 20 O.S. 2001,§ 1103[20-1103](A) (emphasis added). However, if a justice or judge is married the amount withheld is 8%. Id. In addition to the members' contributions, the Administrative Director of the Courts is required to transfer additional amounts to the Fund based on a percentage "of the monthly total actual paid gross salaries" of the members of the System. Id. § 1103.1(A).
¶ 4 As to retirement compensation, Section 1104 of the System provides, in pertinent part:
 A. Each justice or judge who is a member of The Uniform Retirement System for Justices and Judges upon retirement shall be entitled to receive as retirement compensation, until changed by the Legislature, an annual amount, each monthly payment of which shall be in an amount equal to four percent (4%) of the average monthly salary received by him or her as a justice or judge based on the last three (3) years of active service multiplied by the number of total years of service.
Id. (emphasis added).
¶ 5 Likewise, Section 1102A(A) of Title 20 provides for disability compensation to physically disabled judges or justices based on "an amount equal to four percent (4%) of the averagemonthly salary received by him when he served as a Justice or judge based on the last three (3) years of active service multiplied by the total number of years of service on the named courts." Id. (emphasis added).
¶ 6 Under Section 1103(B), "Notwithstanding any provision to the contrary, the compensation taken into account for any judge or Justice in determining contributions or benefit accruals for any plan year is limited to the annual compensation limit under Section 401(a)(17) of the federal Internal Revenue Code." Id.
(emphasis added). In general, a plan is not qualified under the Code unless "the annual compensation of each employee taken into account under the plan for any year does not exceed $200,000."26 U.S.C. § 401(a)(17)(A) (2002). A "participant's compensation" is generally defined in 26 U.S.C. § 415(c)(3) as "the compensation of the participant from the employer for the year." The Code allows a plan, with some exceptions, to determine what is or is not included as "compensation" in a given year.26 C.F.R. § 1.401(a)(17)-1(b)(3)(ii). Thus, we conclude what is considered "compensation," for purposes of the System, is to be determined under state law.
 I.
¶ 7 As indicated above, contributions by and benefits to judges and justices in the System are computed in terms of a percentage of their current or most recent monthly salary. We must construe what is meant by "salary," and whether, in the context and the operation of the System, the term includes amounts other than regular fixed monthly remuneration. That is, does "salary" include such items as excess benefit allowance or longevity pay?
¶ 8 Title 20 O.S. 2001, § 3.1[20-3.1] provides, in pertinent part:
 Notwithstanding other limits established by law,
beginning January 1, 2001, the following judicial officers shall receive compensation for their services, payable monthly as follows:
 1. The Chief Justice of the Oklahoma Supreme Court shall receive an annual salary of . . .; and
 2. An Associate Justice of the Oklahoma Supreme Court shall receive an annual salary of. . . .
Id. (emphasis added).
¶ 9 Likewise, Sections 30.2A, 31.2 and 92.1A of Title 20 contain identical language for compensation of judges of the Court of Civil Appeals, Court of Criminal Appeals, and district court judges, respectively. Substantially similar language also appears in 85 O.S. 2001, §§ 1.2[85-1.2](C) and 1.2A for judges of the Workers' Compensation Court.
¶ 10 In the provisions of the System relating to contributions to and distributions from the Fund, the Legislature consistently referred to a "salary" from which such amounts must be computed.20 O.S. 2001, §§ 1102A[20-1102A](A), 1103(A); 20 O.S. Supp. 2003, §§1103.1[20-1103.1](A), 1104(A). The Legislature was cognizant of the provisions of the Code allowing a qualified government retirement plan discretion in determining what goes into "compensation" for plan purposes, since Section 1103(B) of Title 20 cites pertinent sections of the Code. See id.
 II.
¶ 11 The Oklahoma State Employees Benefits Act, 74 O.S. 2001 Supp. 2003, §§ 1361-1374, provides state employees a flexible benefit allowance to be used to purchase benefits for employees and their families. 74 O.S. Supp. 2003, § 1370[74-1370](A). Each employee is required to purchase health, dental, disability and life benefits with the allowance. Id. § 1371(A). If an employee elects benefits whose total cost is less than the allowance, the employee receives any excess allowance as taxable compensation.Id. § 1370(F). Elected and appointed officials receive "the same benefits as are provided under the flexible benefits program to state employees." Id. § 1362(13). These statutes are part of the State Employees Benefits Act, and thus are viewed by the Legislature as part of a benefit package. Is this "benefit" a part of the salary of a judge or justice?
¶ 12 Title 74 O.S. Supp. 2003, § 840-2.18[74-840-2.18] establishes a longevity pay plan for state employees. In essence, an employee who has continuously been employed on a substantially full-time basis for more than two (2) years is entitled to receive an annual lump sum payment, based on years of service. Id.
However, Section 840-2.18(J) provides: "Employees currently receiving longevity pay who work for the judicial branch of state government . . . shall not be eligible for the longevity pay plan provided for in this section." Id. Further, under the Oklahoma Personnel Act "employee" means "an elected or appointed officer or employee of an agency unless otherwise indicated" (id. § 840-1.3(2)), and "agency" means "any office, department, board, commission or institution of the executive branch of state government[.]" Id. § 840-1.3(1) (emphasis added). Thus, it does not appear judges or justices are presently eligible for longevity pay under the Personnel Act. Nevertheless, the reference in Section 840-2.18(J) to "[e]mployees currently receiving longevity pay who work for the judicial branch" recognizes some sort of longevity pay other than that provided in the Personnel Act. Therefore, some judges or justices may be receiving longevity pay. If so, is such longevity pay to be considered a part of a judge or justice's "salary" for retirement distribution calculations?
¶ 13 In Attorney General Opinion 02-18, we concluded a "benefit" must be distinguished from, and is not the same as, a "salary," citing Attorney General Opinion 99-01. In the latter Opinion, we determined a "salary" is a "fixed periodical compensation paid for services rendered," and comprises only a part of an official's total emolument or benefits package. Id.
at 8 (quoting Black's Law Dictionary 1337 (6th ed. 1990)). This comports with the statement of the Oklahoma Supreme Court inEdwards v. Carter, 29 P.2d 610, 612 (Okla. 1934), that "payment of the salary of public officers . . . is one of the emoluments of office." (Emphasis added).
¶ 14 In Spearman v. Williams, 415 P.2d 597 (Okla. 1966), as discussed in A.G. Opin. 02-18, the issue was whether a statute authorizing members of the legislative council (who were also legislators) to be reimbursed for travel and office expenses in connection with their official duties was valid, in light of constitutional provisions prohibiting the increase of "salary or emoluments" of a public official during such official's term of office. Id. at 599. In the process of deciding the reimbursement of expenses related to performance of official duties was not "salary" or an "emolument," and thus not in violation of the constitutional prohibition, the court also distinguished between "personal expenses," "salary," and reimbursement of "official expenses." Id. at 600-02. In Attorney General Opinion 02-18, the distinction between "salary," "emoluments" and "benefits" was re-examined. In essence, this Opinion determined that while payment of a benefit allowance is a personal benefit and thus an emolument or profit of office, it is not the same thing as "salary." Id. at 103.
¶ 15 We conclude an employee benefit allowance and longevity pay is not "salary." Each is a benefit, a part of a package of emoluments, but this is not the same as salary. As previously recognized, the Code allows a plan discretion in determining what is or is not included in "annual compensation."26 C.F.R. § 1.401(a)(17)-1(b)(3)(ii). By providing "Notwithstanding otherlimits established by law," and stating plainly that judges and justices "shall receive compensation for their services, payable monthly" and that such judicial officers "shall receivean annual salary" of a stated amount, the Legislature intended to limit the compensation of judges and justices to the statutory amounts of annual salaries for purposes of the System and the Fund, thus defining what is "compensation" for plan purposes. 20O.S. 2001, § 3.1[20-3.1] (emphasis added).
¶ 16 In contrast, the statutes establishing the Teachers' Retirement System provide that teachers are required to contribute a specified percentage of their "regular annual compensation" into the System (70 O.S. 2001, § 17-108.1[70-17-108.1](A)), and "regular annual compensation" is defined as "salary plus fringe benefits, excluding the flexible benefit allowance pursuant to [§ 26-105]." Id. § 17-101(25) (emphasis added). Thus, the Legislature, in at least one instance, showed its intent to define compensation as something greater than "salary."
¶ 17 When the intent of the Legislature is plainly expressed in a statute, it must be followed without further inquiry. BlitzU.S.A., Inc. v. Okla. Tax Comm'n, 75 P.3d 883, 888 (Okla. 2003). "[S]tatutes must be interpreted to render every word and sentence operative, rather than in a manner which would render a specific statutory provision nugatory." State ex rel. Thompson v.Ekberg, 613 P.2d 466, 467 (Okla. 1980). The use of the word "shall" by the Legislature is "equivalent to the term `must,' requiring interpretation as a command." Fuller v. Odom,741 P.2d 449, 453 (Okla. 1987). We must assume the Legislature said what it meant, and meant what it said. Id.; Blitz,
75 P.3d 888; Johnson v. City of Woodward, 38 P.3d 218, 222 (Okla. 2001).
¶ 18 The Legislature amended the System in 2003, and presumably could have amended the statutes on judicial compensation and the Plan to allow items other than regular salary to be taken into account in computing Plan contributions (and thus benefits), but it did not. See 2003 Okla. Sess. Laws ch. 453, §§ 5, 6. "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." City of Duncan v. Bingham, 394 P.2d 456, 460 (Okla. 1964). Consequently, we conclude that neither longevity pay (if any), nor amounts of excess benefits allowance may be used by OPERS in computing amounts of contributions by, or benefits to, judges and justices under the System and the Plan.
¶ 19 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The Uniform Retirement System for Justices and Judges ("System"), 20 O.S. 2001 Supp. 2003, §§ 1101-1111, establishes a uniform retirement system for justices and judges as a qualified retirement plan under Sections 401(a) and 414(d) in Title 26 of the federal Internal Revenue Code ("Code"). 20 O.S. 2001, § 1101.1(A). The Code permits a qualified retirement plan to determine (with limited exceptions) what is or is not included as an employee's" compensation" in a given year. 26 U.S.C. § 415(c)(3) (2002); 26 C.F.R. § 1.401(a)(17)-1(b)(3)(ii).
 2. The provisions of the System relating to contributions to, and distributions from, the Oklahoma Judicial Retirement Fund ("Fund"), to be held in the State Treasury and managed by the Board of Trustees of the Oklahoma Public Employees Retirement System ("OPERS"), refer to a "salary" from which such amounts must be computed. 20 O.S. 2001, §§ 1102A(A), 1103(A); 20 O.S. Supp. 2003, §§ 1103.1[20-1103.1](A), 1104(A).
 3. Under the System the compensation of justices and judges is fixed by statute as a specified annual salary, payable monthly. 20 O.S. 2001, §§ 3.1[20-3.1], 30.2A, 31.2, 92.1A; 85 O.S. 2001, §§ 1.2(C), 1.2A. Such salaries do not include amounts for employee benefit allowances or longevity pay. A "benefit" to state employees is not the same as "salary." 74 O.S. 2001, § 1362[74-1362]; 74 O.S. Supp. 2003, § 840-2.18(A); Spearman v. Williams, 415 P.2d 597, 600 (Okla. 1966); A.G. Opin. 02-18, 103.
 4. Longevity pay and employee benefit allowances may not be included by OPERS for purposes of computing contributions to, or benefits from, the Fund for justices and judges. 20 O.S. 2001, §§ 1102A(A), 1103(A), 20 O.S. Supp. 2003, §§ 1103.1(A), 1104(A); Spearman, 415 P.2d at 600; A.G. Opin. 02-18, 103.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 LYNN C. ROGERS Assistant Attorney General